**Gregory Rothwell SELF**

v.

**UNITED STATES of America.**

**No. CIV–1–76–99.**

United States District Court,
E. D. Tennessee, S. D.

July 12, 1977.

---

Frank P. Pinchak, Chattanooga, Tenn., for petitioner.

John L. Bowers, Jr., U. S. Atty. by. Ray H. Ledford, Asst. U. S. Atty., Chattanooga, Tenn., for respondent.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This is a proceeding for post-conviction relief filed pursuant to section 2255, Title 28 U.S.C. In his present motion the petitioner seeks to have set aside a sentence imposed by this Court in the case of *United States of America v. Gregory Rothwell Self,* Criminal No. 1–74–68. The sole ground for post-conviction relief asserted by the petitioner is that his appointed counsel, after demand, "failed to appeal . . . to the Supreme Court." Concluding on earlier proceedings herein that the petition asserted no constitutional or other error that would entitle the petitioner to relief pursuant to section 2255, Title 28 U.S.C., this Court dismissed the motion. The Sixth Circuit Court of Appeals reversed the dismissal and remanded the case with instructions "to conduct an evidentiary hearing to determine whether appointed counsel had been requested to file a petition for *certiorari.*" Acting pursuant to section 636(b)(1)(B), Title 28 U.S.C., this Court, upon remand, referred

**550**

the case to the United States Magistrate for the purpose of conducting an evidentiary hearing upon the petition and submitting findings and recommendations to the Court thereon. The case is presently before the Court upon the findings and recommendations of the United States Magistrate, the petitioner's exceptions thereto, and upon the complete record in the case, including the testimony and exhibits introduced at the evidentiary hearing.

In the criminal proceedings here under attack the petitioner was convicted upon a two-count indictment charging him with conspiracy and bank robbery and was sentenced to 15 years imprisonment. Upon appeal, the Court of Appeals affirmed the conviction, stating that:

"From its examination of the record, the Court finds overwhelming evidence of guilt of both appellants and no error in the proceedings in the district court which prejudiced their rights."

It was from this decision that the petitioner now contends his appointed counsel failed to "appeal" to the United States Supreme Court.

This Court in originally dismissing the present motion held that no constitutional right to counsel exists with regard to a discretionary appeal such as *certiorari. Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Upon appeal of this Court's action in dismissing the post-conviction motion, the Sixth Circuit agreed that there is no constitutional right to counsel in a discretionary appeal. However, the Court of Appeals noted that counsel for the petitioner had been appointed under the Criminal Justice Act (18 U.S.C. § 3006A) and held that the Plan of the Sixth Circuit Court of Appeals promulgated pursuant to that statute required "appointed counsel, if requested, to prepare and file a petition for *certiorari,*" and that therefore "if counsel had been so requested and did not do so, the petitioner had been deprived of a right accorded to him by the statute and by rule of this Court". Concluding that the petition accordingly asserted grounds for post-conviction relief under section 2255, the Court

of Appeals vacated the dismissal of the petition and remanded the case for a determination of the factual question as to whether the petitioner's appointed counsel had been requested to file a petition for *certiorari.* Although not expressly so stating, presumably the Court of Appeals was of the opinion that if the allegations in the motion were sustained, the defendant would be entitled to a new trial in the original criminal action.

▇▇▇ Before turning to the Magistrate's findings and recommendations, it is appropriate to note that at a hearing upon a motion to vacate sentence the petitioner has the burden of proof. *Dalli v. United States,* 396 F.Supp. 399, 403, n. 5 (N.D.N.Y., 1975) *affirmed* 535 F.2d 1240 (2nd Cir. 1976); *Bayken v. United States,* 272 F.2d 186 (6th Cir., 1959). Questions of credibility are for the trier of fact, and will not be set aside unless clearly erroneous. *Bayken v. United States, supra.*

The United States Magistrate upon consideration of the evidence adduced at the hearings in this matter, together with the motion, files and records of the case, found that the petitioner failed to carry the burden of proof showing that he requested his appointed counsel to file a petition for *certiorari* and that therefore the petitioner had not been deprived of a right accorded by the Criminal Justice Act or by a rule of court promulgated under that statute. Accordingly, the United States Magistrate has recommended that the petition be denied.

▇▇▇ Having carefully reviewed the record in this case, along with the testimony and exhibits introduced at the evidentiary hearing, the Court is of the opinion that the Magistrate correctly decided the factual issue herein presented and that the evidence clearly shows that the petitioner did not request his appointed counsel to file a petition for *certiorari.* In fact, the evidence is undisputed that following the affirmance of the petitioner's conviction upon appeal the petitioner's counsel promptly wrote to the petitioner advising him that his conviction had been affirmed, enclosing a copy of the Court of Appeals opinion and asking for

instructions regarding the filing of a petition for *certiorari* (Ex. # 1). The evidence is likewise undisputed that the petitioner received this letter but never responded to it. It is now clear from the evidence that the present motion was at the best frivolous at the time of its initial *pro se* filing by the petitioner. Accordingly, the Court is of the opinion that the findings and recommendations of the Magistrate should be adopted as the findings of this Court and that the petition should be dismissed as being wholly without merit.

Should the Court of Appeals have occasion again, either in this lawsuit or in other litigation, to pass upon the issue presented in the initial appeal in this post-conviction proceeding, this Court would respectfully urge the Court of Appeals to reconsider the rule laid down in this case, that is the rule that an allegation of failure of appointed counsel in a criminal case to petition the United States Supreme Court for a writ of *certiorari* when requested to do so constitutes grounds for post-conviction relief under section 2255, Title 28 U.S.C. This Court respectfully suggests that the Court of Appeals may not have fully considered the following propositions in establishing such a rule.

■ It is, of course, well settled that the grounds for post-conviction relief under section 2255, Title 28 U.S.C., are the equivalent of those under section 2254, Title 28 U.S.C., the general *habeas corpus* statute. *Davis v. United States,* 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). Although post-conviction relief is normally limited to errors of constitutional dimension, under both statutes a claim for post-conviction relief may be based upon non-constitutional errors. However, not every non-constitutional error constitutes ground for post-conviction relief under either section 2254 or section 2255. The rule in this regard, as stated in *Davis v. United States, supra,* is as follows:

"This is not to say, however, that every asserted error of law can be raised on a § 2255 motion. In *Hill v. United States,* 368 U.S. 424, 429, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962), for example, we held

that 'collateral relief is not available when all that is shown is a failure to comply with the formal requirements' of a rule of criminal procedure in the absence of any indication that the defendant was prejudiced by the asserted technical error. We suggested that the appropriate inquiry was whether the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice,' and whether '[i]t . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.' . . ." 417 U.S. 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109, 119.

■ This Court would suggest that an alleged violation of the provision in the Court of Appeals Plan adopted pursuant to the Criminal Justice Act [18 U.S.C. § 3006A] purporting to require appointed counsel to petition the United States Supreme Court for *certiorari* in every case where request is made therefor is not "a fundamental defect which inherently results in a complete miscarriage of justice". Where, as in the present case, the Court of Appeals had affirmed the petitioner's conviction upon his original appeal in the criminal proceedings with the statement that the Court found the evidence of the petitioner's guilt "overwhelming," it is difficult to understand how the failure of counsel, even upon request, to petition for *certiorari* is such a "fundamental defect" as to result in "a complete miscarriage of justice".

■ This Court would further respectfully suggest that the provision in the Court of Appeals Criminal Justice Plan here relied upon as entitling the petitioner to an evidentiary hearing upon a post-conviction motion is itself of questionable validity, for such provision purports to confer upon indigent defendants a right which is not available to non-indigent defendants. As held in the case of *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), there is no constitutional right to counsel in a discretionary appeal. Accordingly, to confer by rule of court the requirement that appointed counsel in criminal cases mandatorily

seek discretionary appellate review by way of *certiorari* is to confer upon indigent defendants a right not available to non-indigent defendants. Such a rule would appear to be of questionable validity in that it creates a reverse denial of the equal protection of the laws. If such a rule is to be valid it would appear that it must of necessity be made equally applicable to both appointed and non-appointed counsel.

This Court would further respectfully suggest that to require an evidentiary hearing upon a motion asserting the ground of relief here asserted and to mandate post-conviction relief if the assertion is sustained is to potentially open a pandora's box in the field of post-conviction litigation. Upon reflection, it must be apparent that allegations of the nature here asserted could readily lend themselves to an abuse of the post-conviction process. Under the rule established upon the appeal in this case, only the integrity of appointed counsel could serve to discourage the filing of fraudulent allegations or could serve to prevent the granting of collusive post-conviction relief, as knowledge of all of the matters in issue is almost uniformly within the exclusive possession of the petitioner and his former counsel. Under the rule established upon the appeal in this case, it would appear that all that would be required to assure a new trial to every convicted indigent defendant whose appointed counsel did not seek a writ of *certiorari* from the United States Supreme Court would be to have a defendant with a good imagination and a lawyer with a poor memory. It would further appear that the only protection which could be provided from such an abuse would be to uniformly require all appointed counsel who are unsuccessful upon appeal to seek *certiorari* regardless of any request therefor and regardless of a belief in the total lack of merit in such a proceeding. Such a requirement would doubtless flood the United States Supreme Court with meritless petitions for *certiorari*.

Finally, it would appear that the exhaustion of remedies doctrine generally applicable to post-conviction proceedings might well be utilized here to bar the present proceeding. Although a 30-day time limit for the filing of petitions for writs of *certiorari* is provided by Rule 22(2) of the Rules of The United States Supreme Court, it is clear that the Court may in its discretion review a petition filed at any time. *Durham v. United States*, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971); *Taglionetti v. United States*, 394 U.S. 316, 89 S.Ct. 1099, 22 L.Ed.2d 302 (1969); *Hicks v. District of Columbia*, 383 U.S. 252, 86 S.Ct. 798, 15 L.Ed.2d 744 (1966). As stated by the court in *Schacht v. United States*, 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970), "We cannot accept the view that this time requirement [*i.e.*, Rule 22(2)] is jurisdictional and cannot be waived by the Court." Accordingly, upon a proper showing a petition for *certiorari* may be allowed at any time. No delayed attempt at a petition for *certiorari* having been made in this case, it would appear that the instant petition should be dismissed for failure of the petitioner to exhaust his appellate remedies by filing a delayed petition for *certiorari* in the United States Supreme Court and seeking a waiver of Rule 22(2) in that court.

An order will enter denying and dismissing the motion for post-conviction relief filed herein.