Gregory Rothwell SELF, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 77–1524.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 17, 1978.

Decided April 17, 1978.

Frank P. Pinchak, Humphrey, Hutcheson & Moseley (Court appointed—CJA), Chattanooga, Tenn., for petitioner.

Robert E. Simpson, U. S. Atty., Ray H. Ledford, Asst. U. S. Atty., Chattanooga, Tenn., Christopher Barnes, Asst. U. S. Atty., Cincinnati, for respondent.

Before PHILLIPS, Chief Judge, and EDWARDS and PECK, Circuit Judges.

PHILLIPS, Chief Judge.

Gregory Rothwell Self appeals from the decision of the district court denying his motion to vacate sentence pursuant to 28 U.S.C. § 2255. Reference is made to the comprehensive opinion of the district judge for a recitation of pertinent facts. *Self v. United States*, 434 F.Supp. 548 (E.D.Tenn. 1977).

Self and a co-defendant were convicted by a jury of conspiring to commit bank robbery and of committing bank robbery by use of dangerous weapons. On May 16, 1975, this court affirmed the conviction in an unpublished order in Nos. 74–2310–11. From our examination of the record we found "overwhelming evidence of guilt of both appellants and no error in the proceedings in the district court which prejudiced their rights."

Thereafter, Self filed a motion to vacate sentence, contending that his court-appointed counsel, after demand, "failed to appeal . . . to the Supreme Court." The district court dismissed the petition on the ground that no constitutional or other error

was asserted that would entitle petitioner to relief pursuant to 28 U.S.C. § 2255.

On November 22, 1976, this court remanded the case to the district court with directions to conduct an evidentiary hearing to determine whether appointed counsel had been requested to file a petition for certiorari. We said:

"In his § 2255 motion, appellant contended that he requested appointed counsel to 'appeal' his conviction to the Supreme Court and he argues that counsel's failure to do so constituted denial of equal protection as guaranteed by the Constitution. The District Court in granting appellee's motion to dismiss determined that there was no constitutional right to counsel in a discretionary appeal relying upon *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).

"Although we agree with the District Court that there is no constitutional right to counsel to assist in the preparation of an application for discretionary appeal, we observe that counsel in this case was appointed under the Criminal Justice Act and that the Plan of this Court required by 18 U.S.C. § 3006A requires appointed counsel, if requested, to prepare and file a petition for certiorari. If counsel had been so requested and did not do so, petitioner has been deprived of a right accorded to him by the statute and rule of this Court."

Upon remand, the district court concluded:

[T]he evidence clearly shows that the petitioner did not request his appointed counsel to file a petition for *certiorari*. In fact, the evidence is undisputed that following the affirmance of the petitioner's conviction upon appeal the petitioner's counsel promptly wrote to the petitioner advising him that his conviction had been affirmed, enclosing a copy of the Court of Appeals opinion and asking for instructions regarding the filing of a petition for *certiorari* (Ex. #1). The evidence is likewise undisputed that the petitioner received this letter but never responded to it. It is now clear from the

evidence that the present motion was at the best frivolous at the time of its initial *pro se* filing by the petitioner. 434 F.Supp. at 550–51.

On his present appeal Self was represented by a court-appointed attorney, who filed a brief and presented an oral argument. It is asserted that reversible error was made in proceedings in connection with the § 2255 evidentiary hearing, and that the findings of the district court are clearly erroneous. Upon examination of the record we conclude that these contentions are without merit.

Accordingly, the judgment of the district court denying the motion to vacate sentence must be affirmed.

In his persuasive opinion, the district judge suggests that the rule requiring court-appointed counsel to file a petition for certiorari upon the request of his client be modified or repealed. After careful consideration of all aspects of the issue, we conclude that no change should be made in this requirement.

The Criminal Justice Act, 18 U.S.C. § 3006A, provides that each United States district court, with the approval of the Judicial Council of the Circuit, shall place in operation a plan for furnishing legal representation to defendants who are financially unable to obtain adequate representation. The Judicial Council is required to supplement the district court plans "with provisions for representation on appeal." 18 U.S.C. § 3006A(a).

On February 10, 1971, the Judicial Council for the Sixth Circuit adopted a plan for representation in the Court of Appeals. Paragraph III, subparagraph 5, provides as follows:

> 5. If, after an adverse decision by the Court of Appeals, a review by the Supreme Court of the United States is to be sought, the appointed attorney shall, if

requested to do so after discussion with the person for whom the attorney is appointed, prepare and file a petition for certiorari and other necessary and appropriate documents in connection therewith.

Sixth Circuit Rule 12(f)(5) provides as follows:

> (5) Court appointed counsel is obligated to file a petition for a writ of certiorari in the Supreme Court of the United States if his client requests that such a review be sought.

If court-appointed counsel files a petition for certiorari, it is the practice of this court to include compensation for these services in the amount to be paid to him as counsel for his client in the Court of Appeals.[1]

■ As stated in our order of remand, dated November 22, 1976, quoted above, we agree with the conclusion of the district court that there is no constitutional right to counsel to assist in the preparation of an application for a discretionary appeal. *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). We are convinced, however, that the above-quoted subparagraph of the Sixth Circuit Criminal Justice Plan, as implemented by Sixth Circuit Rule 12(f)(5), is in accord with the purpose of the Criminal Justice Act, as demonstrated by its legislative history. *See* [1964] U.S.Code Cong. & Admin.News 2990.

In his State of the Union address on January 14, 1963, President John F. Kennedy said: "The right to competent counsel must be assured every man accused of crime in a Federal court regardless of his means." See H.R.Rep.No.864, 88th Cong., 2d Sess. 2, *reprinted in* [1964] U.S.Code Cong. & Admin.News 2990, 2991.

On March 8, 1963, President Kennedy sent to the Speaker of the House of Representatives the following communication:

> Counsel's time and expenses involved in the preparation of a petition for a writ of certiorari are considered as applicable to the case before the United States Court of Appeals, and should be included on the voucher for services performed in that court.

---

1. Section 2.29 of the current guidelines for administration of the Criminal Justice Act, which have been approved by the Judicial Conference of the United States, provides:

   2.29 **Writ of Certiorari**

Dear Mr. Speaker: To diminish the role which poverty plays in our Federal system of criminal justice, I am transmitting for consideration by the Congress proposed legislation to assure effective legal representation for every man whose limited means would otherwise deprive him of an adequate defense against criminal charges. The need to protect this basic right makes enactment of this measure imperative.

In the typical criminal case the resources of government are pitted against those of the individual. To guarantee a fair trial under such circumstances requires that each accused person have ample opportunity to gather evidence, and prepare and present his cause. Whenever the lack of money prevents a defendant from securing an experienced lawyer, trained investigator or technical expert, an unjust conviction may follow.

The Attorney General's accompanying letter describes the deficiencies in the present system. These defects have prevailed for many years despite persistent pleas for legislation by the judicial and executive branches and the organized bar. Fairness dictates that we delay no longer. .

I commend the proposed Criminal Justice Act of 1963 for prompt and favorable action by the Congress. Its passage will be a giant stride forward in removing the factor of financial resources from the balance of justice. *Id.* at 2993.

■ The purpose of the Criminal Justice Act is to furnish representation for defendants "financially unable to obtain adequate representation," 18 U.S.C. § 3006A(a), comparable to the representation available to defendants who are financially able to retain counsel. A defendant with retained counsel who loses his appeal to the Court of Appeals can insist that his attorney prepare and file a petition for certiorari. An attorney appointed under the Criminal Justice Act has the same obligation to his client as privately retained counsel. If, after the retained attorney has explained to his client the merits of the case and the likelihood of success, the client insists upon the filing of a petition for certiorari, it is the obligation of counsel either to file the petition or to withdraw from the case in time for the client to retain another lawyer to file the petition. Under the Criminal Justice Act, court-appointed counsel has the same responsibility to his client, and will not be allowed to withdraw except by express permission of this court. The above-quoted provisions of the Sixth Circuit plan and Rule put all court-appointed counsel on notice of this responsibility. We see no other feasible way for this court, or the Judicial Council of the Sixth Circuit, affirmatively to administer our supervisory power under the Criminal Justice Act other than to require court-appointed counsel to prepare and file a petition for certiorari when requested to do so by his client.

■ This does not necessarily mean, however, that this court would vacate the sentence in the present case or a future case merely because of the failure of court-appointed counsel to file a petition for certiorari when requested by his client to do so. We reserve a decision on this question. A possible alternative disposition would be for this court to vacate our original judgment affirming the conviction, then reinstate the judgment so as to permit time to run again for the filing of a petition for certiorari, and to appoint another attorney to file a petition for certiorari, with appropriate sanctions against the attorney who failed to comply with the rules of this court.

■ In the present case, the record demonstrates that the court-appointed attorney advised his client in writing of his rights. The district court made a finding of fact that appellant never requested the attorney to file a petition for certiorari. This finding of fact is not clearly erroneous. Fed.R. Civ.P. 52(a), but to the contrary, is supported by substantial evidence.

Affirmed.