Robert A. TALLENT,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 78–3406

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 11, 1979.

Rehearing Denied Nov. 6, 1979.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Robert Ray Tallent, pro se.

J. Ransdell Keene, U. S. Atty., D. H. Perkins, Jr., Asst. U. S. Atty., Shreveport, La., for respondent-appellee.

Before CLARK, GEE and JOHNSON, Circuit Judges.

**PER CURIAM:**

The appellant, Robert R. Tallent, filed a pro se petition under 28 U.S.C. § 2255, seeking to have his conviction and sentence for armed bank robbery under 18 U.S.C. § 2113(d) vacated. His petition challenges the validity of the proceeding in which he entered a guilty plea and alleges that in determining his sentence the district court relied in part on a prior unconstitutional conviction. The district court denied Tallent's petition without a hearing, holding that the grounds for relief which it stated had been the basis of a prior application by Tallent for collateral relief. We affirm.

Indicted on one count of bank robbery in violation of 18 U.S.C. § 2113(a) and one count of armed bank robbery in violation of 18 U.S.C. § 2113(d), Tallent originally entered a plea of not guilty on both counts. However, he later changed his plea to guilty on the count alleging a violation of 18 U.S.C. § 2113(d). The district court sentenced him to twenty-two years in prison. Tallent subsequently petitioned the court under 28 U.S.C. § 2255 to have his sentence vacated on several grounds, including an allegation that his guilty plea had not been voluntary but had been induced by an agreement which was not kept. The district court denied the petition and Tallent appealed. This court dismissed the appeal for failure to file a timely notice of appeal and later denied Tallent's motion to reinstate the appeal. Tallent then returned to the district court with a second petition for collateral relief in which he challenged the voluntariness of his guilty plea; alleged that his guilty plea proceeding did not comply with Rule 11, Fed.R.Crim.P.; and asserted that in determining his sentence the district judge relied on a prior invalid conviction. The district court concluded that the second petition for collateral relief merely reiterated the grounds for relief alleged in Tallent's first petition and denied it without holding an evidentiary hearing.

In *Sanders v. United States*, the Supreme Court held that a federal district court could dismiss a successive application for habeas relief which asserted the same

ground for relief as a prior application that was denied if "(1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963). *See also Sinclair v. Blackburn,* 599 F.2d 673 (5th Cir. 1979); Rule 9(b) of the Rules Governing Section 2255 cases, 28 U.S.C. foll. § 2255. The court defined "ground" to mean "a sufficient legal basis for granting the relief sought by the applicant." 373 U.S. at 16, 83 S.Ct. at 1077.

■ In his first petition, Tallent contended that his guilty plea had not been voluntary because his attorneys had induced him to believe that they had negotiated a plea agreement with the government by which he would receive only a five to eight year sentence. The district court ruled that the record clearly indicated that Tallent had knowingly and understandingly entered his guilty plea in compliance with Rule 11, Fed. R.Crim.P. *Tallent v. United States,* No. 76–1345, slip op. at 6 (W.D.La. Feb. 16, 1977). Tallent's challenge in his second petition to the voluntariness of his guilty plea was correctly denied as repetitious. While the other grounds for relief which Tallent asserts were not raised in his first petition and therefore are not repetitious, they are without legal merit and the district court properly denied his petition for collateral relief.

■ In his second petition Tallent asserts that his guilty plea proceeding did not comply with Rule 11, Fed.R.Crim.P. He specifically contends that the district judge failed to determine whether a sufficient factual basis existed for his plea of guilty to armed bank robbery in violation of 18 U.S.C. § 2113(d) since the judge did not ascertain at the plea proceeding whether he was actually armed when the bank robbery was committed. This alleged ground for relief is without merit. Tallent entered his guilty plea on April 26, 1974, prior to the amendment of Rule 11, and the district

judge complied with Rule 11 as it then existed. *See Goodwin v. United States,* 544 F.2d 826 (5th Cir. 1977). The district judge informed Tallent of the various constitutional rights he was forfeiting by pleading guilty, Tallent stated that he understood the maximum penalty for a violation of 18 U.S.C. § 2113(d) to be a ten thousand dollar fine and/or twenty-five years imprisonment, the prosecutor presented the testimony of an FBI agent showing the factual basis for the plea, Tallent acknowledged that he understood the charges against him, and the district judge questioned him under oath as required by *Bryan v. United States,* 492 F.2d 775 (5th Cir. 1974) (en banc). The FBI agent's testimony indicated that Tallent had been identified as one of the two persons who committed the bank robbery and that as the robbers exited the bank they engaged in a gun battle with two police officers which resulted in one officer being seriously wounded and losing a leg. These facts sufficed to establish that Tallent had violated 18 U.S.C. § 2113(d) by directly participating in a bank robbery committed with the use of a deadly weapon. Thus Tallent's allegations of noncompliance with Rule 11 are without merit. Moreover, this aspect of Tallent's petition for collateral relief must fail on two other grounds. First, he has not shown that the district judge's alleged noncompliance with Rule 11 has prejudiced him. *Keel v. United States,* 585 F.2d 110 (5th Cir. 1978) (en banc). Second, in *United States v. Timmreck,* the Supreme Court recently held that a mere showing that the trial judge failed to comply with the formal requirements of Rule 11 will not support a collateral attack upon a conviction based on a guilty plea. —— U.S. ——, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).

■ In his second petition Tallent also contends that in determining his sentence the district court improperly relied on an invalid prior Louisiana conviction. On its face, this contention, which was not addressed by the district court, may present a valid basis for relief. *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Lipscomb v. Clark,* 468 F.2d 1321 (5th Cir. 1972). A defendant seeking reconsideration of his sentence,

however, must show that the sentencing court explicitly considered the allegedly invalid prior conviction. *United States v. Hodges*, 559 F.2d 1389, 1391 (5th Cir. 1977); *Rogers v. United States*, 466 F.2d 513 (5th Cir.), *cert. denied*, 409 U.S. 1046, 93 S.Ct. 546, 34 L.Ed.2d 498 (1972). An examination of the record of Tallent's sentencing proceedings shows that the district judge acknowledged reading the presentence report and advised the parties that he was relying on information contained in the report which indicated that Tallent was the participant in the robbery who shot and seriously wounded the police officer as the robbers exited the bank. The judge also allowed Tallent's attorney to examine the report, and he asked both Tallent and his counsel if they knew of any matters, expressly in the report or not, which he should consider in determining sentence. However, the judge never referred to the portion of the report which described the prior conviction; thus Tallent failed to show that the sentencing judge explicitly considered that conviction. The district court's denial of this ground for relief was also proper.

AFFIRMED.