Richard CEPULONIS, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 78 C 1773.

United States District Court, E. D. New York.

May 29, 1980.

382

Richard Cepulonis, petitioner pro se.

Edward R. Korman, U. S. Atty., Eastern District of New York, by Homer C. LaRue, Asst. U. S. Atty., Brooklyn, N. Y., for respondent.

NEAHER, District Judge.

Petitioner *pro se*, currently a prisoner incarcerated at the Massachusetts Correctional Institution, seeks relief from a judgment of conviction imposed on a verdict of unlawful possession of an automatic rifle in violation of 26 U.S.C. § 5861(d) entered after a non-jury trial before the Honorable Jack B. Weinstein of this court. The court sentenced petitioner on February 1, 1974, to a term of imprisonment of five years. The conviction was affirmed by the Court of Appeals on May 24, 1974. Judge Weinstein has previously entertained—and denied as frivolous—petitioner's motion to vacate the judgment of conviction pursuant to 28 U.S.C. § 2255 on the ground that he was "mentally incompetent" to stand trial and "insane" at the time of the commission of the alleged offense. Petitioner has renewed this motion and has presented additional grounds for relief on the motion pursuant to § 2255 now before the court. We have considered petitioner's various claims and find none has merit. Accordingly, his motion under § 2255 is denied in all respects, as is his motion for appointment of counsel.

Taking petitioner's contentions in order, it is manifest that grounds numbered one and two have already been decided against petitioner by Judge Weinstein in his earlier memorandum and order dated September 9, 1974. Answering petitioner's claim of mental incompetency, the court stated:

"The evidence of incompetency is less than persuasive. The report of Dr. Leonard R. Friedman, who examined the petitioner on February 22, 1974, stated an 'impression' that the petitioner was unable to prepare a defense in a pending criminal case in the State of Massachusetts. This psychiatric report was apparently contradicted by a May 1974 evaluation by psychiatrists at the Medical Center for Federal Prisoners at Springfield, Missouri."

The court also made findings which dispose of petitioner's claim—asserted rather late in the day—that he was rendered incompetent to stand trial through daily administration of drugs at the place where he was confined during trial. Judge Weinstein found that:

"In this court petitioner was represented at trial and on appeal by competent coun-

sel who had obviously had many conversations with the petitioner and certainly would have raised the issues if there was any basis for doing so. The court's own observations of the petitioner on frequent occasions in the courtroom such as sitting across the table from the petitioner during a suppression hearing and at the time of sentencing, revealed a person fully competent to participate in his trial. The petitioner appeared to be alert, consulted with counsel and reacted rationally. He appeared at all times to be lucid."

These observations of the trial judge completely dispose of petitioner's claim of incompetence or diminished understanding due to drug ingestion, in the absence of suggestion—apart from petitioner's bald allegation—that petitioner was in any manner impaired during the course of the criminal proceedings that resulted in his conviction. Neither redetermination of the claim nor a hearing on the issue is required in these circumstances. See *Tallent v. United States*, 604 F.2d 370 (5th Cir. 1979); *Lawary v. United States*, 599 F.2d 218 (7th Cir. 1979); *United States ex rel. Schnitzler v. Follette*, 406 F.2d 319 (2d Cir.), *cert. denied*, 395 U.S. 926, 89 S.Ct. 1783, 23 L.Ed.2d 244 (1969).

Petitioner next claims that he was denied his due process right to trial by jury. He alleges that at no time did he waive his right to a jury trial but nonetheless was found guilty by the court after a hearing on his motion to suppress evidence. Reference to portions of the transcription of proceedings of October 25 and 26, 1973, and February 1, 1974, which are reproduced in the government's memorandum of law at pages 7–8, belie petitioner's contention.

■ During the proceedings of October 25, 1973, petitioner's counsel placed the court on notice that they might ask the court to treat the entire matter as a nonjury trial at the conclusion of the suppression hearing. And on the following day, petitioner's counsel indeed agreed to submit the case to the court after denial of the suppression motion. Finally, at sentencing on February 1, 1974, counsel made a point of recalling to the court's attention petitioner's decision to avoid unduly burdening the government and the court with a long trial by agreeing to submit the case to the court for decision.

In these circumstances, there can be little doubt that the waiver of trial by jury was effective and binding on petitioner. He was represented by competent counsel—a fact found by Judge Weinstein in his decision on petitioner's initial application—and was present during the various discussions that led to the jury waiver. At no time did petitioner register any objection to the course chosen on his behalf by counsel. The waiver was intelligently made with the consent of petitioner and thus satisfies the constitutional principles of *Patton v. United States*, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930) ("[B]efore any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant.") See *Bayless v. United States*, 381 F.2d 67 (9th Cir. 1967); *Rogers v. United States*, 319 F.2d 5 (7th Cir. 1963), *cert. denied*, 375 U.S. 989, 84 S.Ct. 524, 11 L.Ed.2d 475 (1964); *Horne v. United States*, 264 F.2d 40 (5th Cir.), *cert. denied*, 360 U.S. 934, 79 S.Ct. 1460, 3 L.Ed.2d 1549 (1959).

There have been recent appellate court decisions, however, suggesting that failure to comply with the requirements of Rule 23, F.R.Crim.P., concerning waiver of jury trials, may result in reversible error. See *United States v. David*, 511 F.2d 355, 360–62 (D.C.Cir.1975) (Rule 23(a), F.R.Crim.P.). See also *United States v. Reyes*, 603 F.2d 69 (9th Cir. 1979) (Rule 23(b), F.R.Crim.P.). The pertinent rule in this case states:

"Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government." Rule 23(a), F.R.Crim.P.

While it appears that an oral stipulation may, under certain circumstances, satisfy the rule, see *United States v. Reyes, supra*, 603 F.2d at 71 and cases there cited, these courts have emphasized the importance of

detailed questioning of the defendant in open court at the time of the waiver, *United States v. David, supra,* even when a defendant has signed a written waiver, *United States v. Hunt,* 413 F.2d 983, 984 (4th Cir. 1969).

■ Although the Court of Appeals for this circuit has apparently not yet spoken on the issue, we need not decide whether petitioner's waiver satisfies the standards of Rule 23. Whatever the merit of petitioner's contention in the context of a direct appeal, this, of course, is a collateral proceeding. Petitioner's conviction was affirmed on appeal on his sole contention that the firearm was improperly admitted into evidence because the fruit of an illegal search. While claims based upon constitutional errors or on a lack of jurisdiction are not barred from being raised on collateral attack even though no direct appeal has been taken, *United States v. Loschiavo,* 531 F.2d 659, 662–63 (2d Cir. 1976), *citing Sunal v. Large,* 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947); *Bowen v. Johnston,* 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455 (1939), a non-constitutional claim which is not raised on direct appeal may be properly rejected as grounds for § 2255 relief, *United States v. Loschiavo, supra,* 531 F.2d at 663, citing among other cases, *Davis v. United States,* 417 U.S. 333, 345–46, 94 S.Ct. 2298, 2304–05, 41 L.Ed.2d 109 (1974). See *Alessi v. United States,* 593 F.2d 476 (2d Cir. 1979).

■ Quite apart from this general proposition that "the writ of *habeas corpus* will not be allowed to do service for an appeal," *Sunal v. Large, supra,* 332 U.S. at 178, 67 S.Ct. at 1590, petitioner's jury waiver claim is defective on the additional ground that " 'collateral relief is not available when all that is shown is a failure to comply with the formal requirements' of a rule of criminal procedure in the absence of any indication that the defendant was prejudiced by the asserted technical error," *Davis v. United States, supra,* 417 U.S. at 346, 94 S.Ct. at 2305, *quoting from Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). See *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60

L.Ed.2d 634 (1979). There must be a fundamental defect which inherently results in a complete miscarriage of justice and presents exceptional circumstances where the need for the remedy afforded by the writ is apparent. *Id.* See *Edwards v. United States,* 564 F.2d 652 (2d Cir. 1977); *Del Vecchio v. United States,* 556 F.2d 106 (2d Cir. 1977). As discussed above, the court is satisfied that petitioner's waiver met the constitutional principles concerning waiver of jury trial and therefore the circumstances of the case fail to satisfy the *Davis* standard for relief in a collateral proceeding.

■ The above discussion also disposes of most of petitioner's remaining grounds for relief. Ground four alleges denial of effective assistance of counsel based on petitioner's allegation that he was not advised of his right to file a petition for a writ of certiorari to the United States Supreme Court. There is, of course, no constitutional right to counsel in a discretionary appeal. *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). Under Section III, paragraph five of the Second Circuit Plan pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, however, appointed counsel shall, if requested by defendant to do so, prepare and file a petition for certiorari with certain exceptions not here relevant. Thus, it appears that failure to comply with the Second Circuit Plan may result in a deprivation of rights guaranteed by it. *Cf. Self v. United States,* 574 F.2d 363 (6th Cir.), *cert. denied,* 439 U.S. 896, 99 S.Ct. 257, 58 L.Ed.2d 242 (1978).

■ Petitioner does not allege, however, that he requested that his counsel file a petition for a writ of certiorari. Rather, he claims he was not informed of his right to make such an "appeal." Under the circumstances, it is manifest that any error or omission of defense counsel in complying with the requirements of the Second Circuit Plan does not meet the standard for establishing ineffective assistance of counsel applied in this circuit. The circuit has adhered to the "farce and mockery of justice" standard set in *United States v. Wight,* 176

F.2d 376 (2d Cir. 1949), *cert. denied*, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950). See *United States v. Aulet*, 618 F.2d 182 (2d Cir. 1980). Here, petitioner's counsel appealed his conviction on the suppression issue, and the conviction was affirmed by the Court of Appeals without opinion. Certainly if there were close issues of law to be decided, the Court of Appeals would have written in explanation of its affirmance. The court's decision not to do so suggests the unlikelihood of success of any petition to the Supreme Court. Any procedural irregularity in connection with the administration of the Second Circuit Plan, moreover, does not amount to a fundamental defect which resulted in a complete miscarriage of justice under *Davis v. United States, supra*. See *United States v. Timmreck, supra*.

Finally, petitioner appears to have remedies available to him to press his claim in the Supreme Court. As the district court suggested in *Self v. United States*, 434 F.Supp. 548, 552 (E.D.Tenn.1977), *aff'd on other grounds*, 574 F.2d 363 (6th Cir.), *cert. denied*, 439 U.S. 896, 99 S.Ct. 257, 58 L.Ed.2d 242 (1978), petitioner could file a delayed petition for certiorari in the United States Supreme Court and seek a waiver of Supreme Court Rule 22(2) in that Court.

■ Ground five asserts that petitioner was denied the effective assistance of counsel because of counsel's alleged failure to interview and secure witnesses for trial whose testimony petitioner claims would have exonerated him. In support of this ground for relief, petitioner has presented an affidavit of Frank Lovell, who was arrested at the same time as petitioner. The simple answer to this claim, as the government points out, is that Lovell's affidavit is irrelevant to this motion since petitioner was convicted of possession of firearms not registered to him. Judge Weinstein found petitioner to be in knowing and unlawful possession of such firearms beyond a reasonable doubt. Accordingly, the claim is without merit. See *Dalli v. United States*, 491 F.2d 758 (2d Cir. 1974).

■ Nor does ground seven afford petitioner a basis for relief. His claim that the trial court erred in classifying the arresting FBI agent a firearms expert and relying on his opinion that the weapon was operable at that time is manifestly a claim of trial error which must be raised on direct review and not on collateral attack on the judgment. The claim, moreover, is not of constitutional dimension which meets the *Davis v. United States* standard discussed above.

■ Finally, petitioner's sixth contention—that he was deprived of a fair trial because of the bias of the trial judge—is wholly without merit. The basis for the claim is a single statement by the court during colloquy with counsel about examination of the firearms for determination of operability. The court's single remark that "[p]resumably, your defendant is an expert" fails to establish bias or prejudice.

■ The cases discussing recusal of a judge on the ground of bias suggest that motions of this nature must be made in a timely fashion and must allege personal bias. Not only does it appear petitioner failed to make a timely objection to the judge's remark thereby affording the judge an opportunity to evaluate the situation and perhaps recuse himself but also fails on this motion to demonstrate that the alleged bias was personal within the meaning of the law. To be personal, bias must stem from an extrajudicial source. *United States v. Wolfson*, 558 F.2d 59, 62 (2d Cir. 1977), *quoting United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). See also *United States v. King*, 434 F.Supp. 1141, 1144–45 (N.D.N.Y.1977), *aff'd*, 576 F.2d 432 (2d Cir.), *cert. denied*, 439 U.S. 850, 99 S.Ct. 155, 58 L.Ed.2d 154 (1978); *United States v. Corr*, 434 F.Supp. 408, 411–12 (S.D.N.Y.1977); *United States v. Pastore*, 419 F.Supp. 1318, 1331–32 (S.D. N.Y.1975); *United States ex rel. Monty v. McQuillan*, 385 F.Supp. 1308, 1311 (E.D.N.Y. 1974), *aff'd*, 516 F.2d 897 (2d Cir. 1975). Petitioner's allegations fail to establish personal bias arising from an extrajudicial source. Nor does the court's remark, standing alone, suggest such a bias. Petitioner was not deprived of a fair trial.

**386**

Accordingly, petitioner's motion under § 2255 is denied in all respects.

SO ORDERED.