Hon. Thomas A. Coughlin, III Commissioner New York State Department of Correctional Services
You have asked whether New York State may reimburse a county for counsel fees paid to Lemuel Smith's counsel for legal services in connection with the People's application for certiorari to the United States Supreme Court from the decision of the New York Court of Appeals invalidating the penalty of death imposed on him for a crime committeed while he was incarcerated in a State correctional facility.
Lemuel Smith appealed directly to the Court of Appeals as of right (CPL, § 450.70[1]) from a judgment of the Supreme Court, Dutchess County, rendered June 10, 1983, upon a verdict convicting him of murder in the first degree of a prison guard (Penal Law, § 125.27[1][a] [iii]) and sentencing him to death (Penal Law, § 60.06). By order dated July 7, 1983, the Court of Appeals assigned counsel to represent him on the appeal herein. Earlier, by order dated December 13, 1983, he had been granted poor person status pursuant to CPL, §460.70(3). By decision dated July 2, 1984, the Court of Appeals upheld the conviction, but invalidated the sentence of death imposed upon Smith (People v Smith, 63 N.Y.2d 41 [1984]). By order of the Court of Appeals dated October 16, 1984, his assigned counsel were awarded a fee for representing him in the Court of Appeals.
The People petitioned for certiorari to the United States Supreme Court. The petition was subsequently denied (New York v Smith, ___ US ___,105 S Ct 1226 [1985]). The Supreme Court did not assign counsel for Smith on the application for certiorari, in accordance with the longstanding policy of the Court. See, Rules of the Supreme Court 46(7) (counsel will be appointed for indigents when court has granted certiorari); Ross vMoffit, 417 U.S. 600, 617 (1974).
Section 606(1) of the Correction Law provides in pertinent part:
 "When an inmate of an institution of the department is alleged to have committed an offense while an inmate of such institution, the state shall pay all reasonable costs for prosecution of such offense, including but not limited to, costs for: . . . the defense of any inmate financially unable to obtain counsel in accordance with the provisions of the county law . . ."*
Section 722 of the County Law provides in pertinent part:
 "Upon an appeal in a criminal action . . . wherein the party is financially unable to obtain counsel, the appellate court shall assign counsel furnished in accordance with the [assigned counsel] plan, conforming to the requirements of this section, which is in operation in the county or in the city in which a county is wholly contained wherein the judgment of conviction, disposition or order of the trial court was entered . . ."
Section 722-b of the County Law provides, in pertinent part:
 "For representation on an appeal, compensation and reimbursement shall be fixed by the appellate court. For all other representation, compensation and reimbursement shall be fixed by the court where judgment of conviction or acquital or order of dismissal was entered. In extraordinary circumstances the trial court may provide for compensation in excess of the foregoing limits and for payment of compensation and reimbursement for expenses before the completion of the representation . . . No counsel assigned hereunder shall seek or accept any fee for representing the party for whom he is assigned without approval of the court as herein provided".
Correction Law, § 606, limits the obligation of the Department of Correctional Services to pay for defendant's counsel fees to fees incurred "in accordance with the provisions of the county law". In the absence of an order of appointment from the appellate court, and an order setting the fee, Smith's counsel was not assigned or paid to defend in the Supreme Court in accordance with the provisions of the County Law.*
Accordingly, the Department of Correctional Services may not reimburse the county for the fees in question.
Even if Smith's counsel is deemed to have had an ethical obligation to defend against the State's application for certiorari (Code of Professional Responsibility, Canon 2, EC 2-25, 2-29, 2-31; see Matter ofSmiley, 36 N.Y.2d 433, 441 [1975]), that obligation did not entitle the county to reimbursement for the fees it paid because in the absence of an express order of appointment by the appellate court, the fees were not paid pursuant to the County Law. Assigned counsel serve without compensation unless otherwise provided by law (see, County Law, §718; People v Price, 262 N.Y. 410, 412 [1933]).
We conclude that in the absence of an order by an appellate court awarding defense counsel fees, the New York State Department of Correctional Services may not reimburse a county for fees which the county has paid to defendant's (inmate's) counsel for legal services performed defending against the People's application for certiorari to the United States Supreme Court.
* L 1985, ch 824, effective September 1, 1985, repealed former section 606 and added a new section 606. Under former section 606, assigned counsel expenses were also reimbursable "in accordance with the provisions of the county law". The differences between the two provisions are irrelevant with respect to the issue here.
* It clearly was the contemplation of the Legislature in enacting section 606 that the State would pay the reasonable costs incurred in defending an inmate financially unable to obtain counsel. However, in our opinion defense of a petition for certiorari is not within the meaning of the provision, which refers only to fees authorized under the County Law. It is clear that once certiorari is granted, counsel will be assigned under the Federal Criminal Justice Act (Rules of the Supreme Court 46[7]). It would appear to us that payment for the reasonable costs of defending against a petition for certiorari is a matter for the Legislature, or perhaps for the New York courts to address by rule. See,Self v United States, 574 F.2d 363, 365 (6th Cir, 1978) (under the 6th Circuit plan implementing the Criminal Justice Act, compensation for services in preparing a petition for certiorari is included in the amount paid to counsel for services in the Court of Appeals), cert den 439 U.S. 896
(1978); Cepulonis v United States, 490 F. Supp. 381, 384 (EDNY, 1980) (same — 2d Circuit plan).