5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Edward WAGNER, Defendant-Appellant.
James Edward Wagner, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 92-55967, 92-56471.
 United States Court of Appeals, Ninth Circuit.*
 Submitted Aug. 6, 1993.
Decided Aug. 18, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV-84-5491-RMT, Robert M. Takasugi, District Judge, Presiding.
 C.D.Cal., 834 F.2d 1474.
 AFFIRMED.
 Before: BROWNING, FARRIS and KELLY**, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Defendant-appellant James E. Wagner appeals the denial of his motions to vacate, brought under 28 U.S.C. Sec. 2255. Mr. Wagner, convicted of murdering a fellow prisoner, argues that he received ineffective assistance of counsel at trial, and that he was entitled to have appointed counsel file a petition for certiorari on his behalf.
 
 Background
 
 3
 On August 2, 1981, Mr. Wagner, who was serving a fifteen-year sentence for bank robbery in the Lompoc, California Federal Correctional Institute, stabbed to death another inmate who was a prison informant. Mr. Wagner initially planned to raise a defense of insanity or diminished mental state. However, he was precluded from presenting expert psychiatric testimony at trial. Mr. Wagner's trial attorney retained a psychiatrist, Dr. Coburn, to examine the Defendant. Dr. Coburn informed Mr. Wagner's attorney that Defendant had no viable mental defense. Prior to trial, defense counsel notified the government of a planned psychiatric defense, pursuant to Fed.R.Crim.P. 12.2, and the court ordered Mr. Wagner to submit to an examination by a government psychiatrist. Mr. Wagner refused to submit to the exam, on the advice of his attorney. His attorney informed him that the exam would hurt his case, and refusing the exam would not limit the admission of Defendant's proposed psychiatric evidence.
 
 
 4
 In response to Mr. Wagner's failure to cooperate, the trial court limited Defendant's use of proposed psychiatric evidence. The evidence, consisting of records of Defendant's stay in the Springfield medical facility, was admitted during cross-examination of the government psychiatrist.
 
 
 5
 Mr. Wagner was convicted of murder and sentenced to life imprisonment. He now contends that he received ineffective assistance because his counsel failed to present a defense of insanity or diminished mental state, and erroneously advised him to refuse the examination. The district court held a Sec. 2255 hearing in which Dr. Vicary, a second psychiatrist retained by Defendant, testified that it was probable that Mr. Wagner did not premeditate the killing. Dr. Vicary opined that the killing was closer to manslaughter than to murder. Dr. Vicary admitted, however, that his examination of Defendant took place almost ten years after the killing, and that he did not interview Dr. Coburn, who examined Defendant prior to trial.
 
 
 6
 Mr. Wagner's trial counsel also testified at the hearing. The attorney stated that he had made a strategic decision to advise Defendant against the examination because it would be harmful to his case. Since Defendant's own expert had found that Mr. Wagner possessed the ability to premeditate the murder, counsel felt that the government's doctor would only confirm this finding. Dr. Coburn testified as well, reiterating that he could find no evidence to support a psychiatric defense for Mr. Wagner.
 
 Discussion
 I. Standard of Review
 
 7
 The denial of a Sec. 2255 motion generally, and ineffective assistance claims specifically, are reviewed de novo. United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir.1988); Reiger v. Christensen, 789 F.2d 1425 (9th Cir.1986). The district court's findings of fact in connection with a Sec. 2255 motion will not be set aside unless clearly erroneous, however. United States v. Arellanes, 767 F.2d 1353, 1357 (9th Cir.1985).
 
 II. Ineffective Assistance
 
 8
 To prevail on his claim for ineffective assistance, Defendant must show both: (1) that his counsel's performance was deficient, defined as errors serious enough to violate the Sixth Amendment right to counsel; and (2) that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668 (1984). Defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." Id. at 689. Prejudice will only be presumed where there has been an actual breakdown of the adversarial process at trial. United States v. Cronic, 466 U.S. 648, 659 (1984).
 
 
 9
 (1) Performance
 
 
 10
 Defendant argues that his trial counsel's performance was deficient because counsel gave erroneous advice regarding the consequences of refusing to submit to an examination, and because counsel failed to adequately investigate all mental defenses. The district court found that counsel's investigation was sufficient and that, although the advice concerning the examination may have been deficient, no prejudice resulted.
 
 
 11
 Defendant's trial attorney testified that the decision to refuse the exam was strategic; there was nothing to gain in allowing the state doctor to confirm that Defendant had the ability to premeditate the murder. Counsel also believed that the Springfield records might be admissible. Defendant argues that this was deficient, because basic research would have shown that the records would be precluded by Fed.R.Crim.P. 12.2(d), and were otherwise inadmissable without foundational testimony from the authors. Although his Counsel's reasoning was incorrect, the evidence was ultimately admitted.
 
 
 12
 Regarding the allegedly inadequate investigation, Defendant refers us to Evans v. Lewis, 855 F.2d 631 (9th Cir.1988) and Profitt v. Waldron, 831 F.2d 1245 (5th Cir.1987). Neither case is on point. Counsel did retain a psychiatrist, who advised against a mental state defense. Counsel did not fail to investigate, and his performance was reasonable.
 
 
 13
 (2) Prejudice
 
 
 14
 Strickland requires that Defendant show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Defendant argues that his counsel's errors prevented the jury from considering the possibility of a lesser offense, and that he was left with a defense of innocence that the jury easily rejected. The district court found no prejudice, because there was no evidence indicating that Defendant was insane.
 
 
 15
 Defendant's expert at the Sec. 2255 hearing, Dr. Vicary, testified that it was "quite probable" that Defendant did not premeditate the killing. He conceded, though, that an expert opinion rendered temporally closer to the event, such as Dr. Coburn's, would be more reliable. Dr. Coburn, experienced as a defendant's expert, determined that a mental defense would not succeed, because Defendant had the capacity to premeditate the murder. The evidence at trial also supported the theory that Defendant had premeditated the murder. It is not reasonably probable that the result of the proceeding would have been different.
 
 III. Petition for Certiorari
 
 16
 In a separate Sec. 2255 motion, Defendant argues that he received ineffective assistance from his current counsel, because counsel failed to file a petition for certiorari. Defendant also claims that he is entitled to an evidentiary hearing on his motion.
 
 
 17
 Defendant relies on 9th Cir.R. 4(c), which provides that appointed counsel on appeal shall, if the appeal is unsuccessful, advise the defendant of his right to seek certiorari and, if requested, file a petition. The district court found that there is no constitutional right to have counsel assist in a discretionary appeal, relying on Ross v. Moffitt, 417 U.S. 600, 617-18 (1974), and so Defendant could not be deprived of effective assistance. See Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (per curiam) (if no right to counsel, then no right to effective assistance). Alternatively, the district court found that if Rule 4(c) did create such a right, Defendant has suffered no prejudice.
 
 
 18
 The Supreme Court has reiterated that there is no constitutional right to counsel for discretionary appeals. Murray v. Giarratano, 109 S.Ct. 2765 (1989); Pennsylvania v. Finley, 481 U.S. 551 (1987). This circuit followed Finley in denying a petitioner's claim of ineffective certiorari assistance, but did not address the implications of Rule 4(c). Miller v. Keeney, 882 F.2d 1428, 1431-33 (9th Cir.1989) ("Effective certiorari counsel is thus not something that most would consider essential to a fair trial...."). The Sixth Circuit, which has a rule similar to Rule 4(c), held that court-appointed counsel are required to assist with certiorari petitions, but a failure to do so will not necessarily require a vacation of sentence. Self v. United States, 574 F.2d 363, 366 (6th Cir.1978). We agree, and find that where there is no constitutional right to counsel there can be no ineffective assistance, and the sentence need not be vacated.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Paul J. Kelly, Jr., Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3