James JOHNSON, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 76–2554
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 18, 1976.

Paul Nicholas Greenwood, Birmingham, Ala., (Court-appointed), for petitioner-appellant.

Wayman Sherrer, U. S. Atty., James C. Thomason, III, Asst. U. S. Atty., Birmingham, Ala., for respondent-appellee.

Before GODBOLD, DYER and HILL, Circuit Judges.

PER CURIAM:

Johnson appeals the denial of his motion to vacate his sentence under 28 U.S.C.A. § 2255.

On January 20, 1975, Johnson, represented by counsel, was convicted on his plea of guilty of possession and distribution of a

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

controlled substance. He was subsequently sentenced to a term of eight years imprisonment, pursuant to 18 U.S.C.A. § 4208(a)(2), with a special parole term of three years. No appeal was taken from the judgment of conviction.

On April 9, 1975, Johnson filed a § 2255 petition claiming that the trial court failed to comply with Rule 11, Federal Rules of Criminal Procedure in accepting his plea of guilty. He argued and the record of the plea hearing reveals that he was not informed by the court of the maximum punishment and of the statutory requirement that a special term be imposed.

After an evidentiary hearing the court denied relief on the grounds that Johnson, at the time he entered his guilty plea, knew the maximum sentence he could receive. In addition, since he knew that he could have been given a special parole term of five years instead of three, the court held that misinformation concerning the special parole term could not have induced a guilty plea.

In this appeal Johnson not only contends that the court did not personally address him concerning the maximum sentence and the statutory requirement that a special term be imposed but also argues that the introduction of his trial counsel's testimony at the evidentiary hearing was error. We affirm.

The record of the evidentiary hearing clearly shows that Johnson was advised by his retained counsel of the maximum possible sentence on numerous occasions prior to the entry of his guilty plea. Likewise the record also reveals that Johnson was informed by his counsel that although there was a minimum parole term of two years, he would have a special parole term of five years. However, he received a three year parole term. Such misinformation could not and did not induce the plea. *United States v. Blair,* 5 Cir. 1972, 470 F.2d 331, cert. denied, 411 U.S. 908, 93 S.Ct. 1536, 36 L.Ed.2d 197.

With respect to Johnson's argument that there was a violation of the attorney-client privilege, the evidentiary hearing record reveals that the court limited the testimony of counsel to conversations between Johnson and his attorney when there was a third party present. There was no error. *In Re Grand Jury Proceedings,* 5 Cir. 1975, 517 F.2d 666. Moreover, an assertion that a plea is invalid because it was not made intelligently with knowledge of the consequences, waives an objection that such evidence is privileged. *United States v. Woodall,* 5 Cir. 1970, 438 F.2d 1317, cert. denied, 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712.

AFFIRMED.