**Joseph FRANKLIN, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 78–2490
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 6, 1979.
Rehearing Denied March 13, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Joseph Franklin, pro se.

Barry E. Teague, U. S. Atty., James E. Wilson, Asst. U. S. Atty., Montgomery, Ala., for respondent-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

Joseph Franklin pled guilty on November 10, 1975, to assault while committing bank robbery under 18 U.S.C. § 2113(d). No appeal was taken from his conviction on that plea, but on March 31, 1978, Franklin filed a motion pursuant to 28 U.S.C. § 2255 to vacate his fifteen year sentence. The government filed its ordered response to Franklin's motion on June 6, 1978, and the District Court thereafter found that Franklin is not entitled to relief on his § 2255 motion and on June 21, 1978, ordered his motion denied without a hearing. Franklin appeals from the denial of his § 2255 motion, alleging that: (1) the District Court improperly denied his motion by not conducting an evidentiary hearing; (2) his guilty plea was invalid; (3) he suffered ineffective assistance of counsel; (4) his conviction was obtained by use of coerced confessions secured without the requisite *Miranda* warnings; (5) the police perjured themselves at his pretrial suppression hearing; and (6) the police illegally searched his apartment and searched and seized his automobile. We find no merit in Franklin's claims and therefore affirm the denial of his motion to vacate sentence.

Section 2255 provides that a hearing shall be granted on a motion to vacate sentence "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . .." In the instant case, the District Court required the government to respond to Franklin's allegations. That response, along with the District Court's records, provided sufficient information for the District Court to dispose of Franklin's allegations without a hearing. *See Hart v. United States,* 565 F.2d 360, 362 (5th Cir. 1978); *Dupart v. United States,* 541 F.2d 1148, 1150 (5th Cir. 1976).

Franklin alleges that his guilty plea was invalid for several reasons: (1) he was frightened during the suppression hearing and plea proceedings and therefore not mentally competent; (2) the District Court should have ordered a competency hearing before permitting him to plead guilty; (3) the District Court violated Rule 11 of the Federal Rules of Criminal Procedure by failing to inform him of the consequences of his plea; (4) he did not know he was giving up "certain constitutional rights" when he

pled guilty; and (5) he did not know he had a right to appeal.

█ A defendant is mentally competent to stand trial if he has sufficient present ability to consult with his lawyers with a reasonable degree of rational understanding and if he has a rational as well as factual understanding of the proceedings against him. *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *Davis v. Alabama,* 545 F.2d 460, 463 (5th Cir.), *cert. denied,* 431 U.S. 957, 97 S.Ct. 2682, 53 L.Ed.2d 275 (1977). The transcripts of the suppression hearing and plea proceedings show that Franklin was alert, coherent, and fully competent to stand trial. *See Raetzsch v. United States,* 575 F.2d 549 (5th Cir. 1978). In a related vein, the District Court did not err in failing to order a competency hearing, because there was nothing in Franklin's behavior to suggest to the Court that such a hearing was called for and Franklin's attorney did not move for a hearing on the matter. *Davis v. Alabama,* 545 F.2d at 464.

█ Franklin's Rule 11 allegations are also groundless. Under the version of Rule 11 in existence when Franklin pled guilty,[1] the Court was responsible for determining that the defendant knew the maximum sentence, but it was unnecessary for the judge personally to inform the defendant of the maximum sentence. *Johnson v. United States,* 542 F.2d 941, 942 (5th Cir. 1976), *cert. denied,* 430 U.S. 934, 97 S.Ct. 1559, 51 L.Ed.2d 780 (1977); *United States v. Frontero,* 452 F.2d 406, 413–15 (5th Cir. 1971). The Court was not required to inform the defendant of the various constitutional rights he was waiving. *United States v. Frontero,* 452 F.2d at 413–15. Franklin's traverse to the government's response admits that his attorney had explained the twenty-five year maximum sentence to him immediately before he pled guilty. Franklin testified at the plea proceedings that his attorney had explained the penalty to him and that he understood.

Franklin further testified that he knew pleading guilty would waive his right to a trial by the jury that had already been chosen. Under the pre-amendment version of Rule 11, the record clearly reflects that Franklin was aware of the consequences of his guilty plea.

The record also shows that Franklin was informed by the District Court at sentencing of his right to appeal.

Franklin's contention that his guilty plea was invalid is thus without merit.

█ He next complains that he suffered ineffective assistance of counsel. Franklin alleges that his attorney was ineffective because he failed to move for a competency hearing and because if he had been effective he would have cross-examined prosecution witnesses more successfully at the suppression hearing. As noted previously, the record shows Franklin to have been alert and coherent. Franklin has not set forth any facts which would suggest a contrary conclusion. Therefore, his lawyer did not render inadequate assistance in failing to move for a competency hearing. Indeed, examination of the record indicates that Franklin's attorney rendered reasonably effective assistance under the standards of *Herring v. Estelle,* 491 F.2d 125, 127 (5th Cir. 1974), in all aspects of his representation. He filed motions in Franklin's behalf and cross-examined in some depth the witnesses at Franklin's suppression hearing. Franklin stated at the guilty plea proceedings, subsequent to conferring with his attorney on the guilty plea decision, that he was satisfied with his representation.

█ By entering a knowing, voluntary, intelligent guilty plea on the advice of competent counsel, Franklin has waived all nonjurisdictional complaints. *Fry v. United States,* 569 F.2d 303, 304 (5th Cir. 1978); *United States v. Sepe,* 474 F.2d 784, 787–88, *aff'd on rehearing en banc,* 486 F.2d 1044 (5th Cir. 1973). Franklin's claims regarding *Miranda* warnings, coerced confessions, per-

---

1. Franklin's plea was entered on November 10, 1975, and the current, amended version of Rule 11 became effective on December 1, 1975.

jury and illegal searches and seizures are not jurisdictional in nature and thus do not require our consideration.

AFFIRMED.