Thomas Dewey LAMBERT,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 78–2540
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 6, 1979.

Thomas Dewey Lambert, pro se.

J. R. Brooks, U. S. Atty., Ann C. Robertson, Asst. U. S. Atty., Birmingham, Ala., for respondent-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

GODBOLD, Circuit Judge:

Appellant, a convicted felon, pleaded guilty to receiving a firearm transported in interstate commerce, 18 U.S.C. § 922(h). The district court denied his § 2255 petition and we affirm.

■ * We have withheld decision in this case pending decision in *U. S. v. Timmreck*, —— U.S. ——, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634, which involved a collateral attack on a conviction based upon failure to comply with Rule 11. In *Timmreck* the Court drew a distinction between a "technical violation" of Rule 11 and an error resulting in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure." The Court pretermitted the question whether § 2255 relief would be available if a violation of Rule 11 occurred in the context of "other aggravating circumstances" than were presented to it. Applying these indicia to the situation before us,[1] appellant is not entitled to relief. The transcript of the Rule 11 proceeding shows that the prosecution described the evidence it would have expected to present at trial and that such evidence, if proved, would have been sufficient to sustain a conviction. Contrary to petitioner's contention, the facts included description of a nexus between the weapon and interstate commerce. The government was not required to demonstrate that the defendant was aware of the interstate character of the weapon. *Barrett v. U. S.*, 423 U.S. 212, 96 S.Ct. 498, 46 L.Ed.2d 450 (1976). The contention that the district judge failed to personally address the defendant is refuted by the record, as is the contention that the court did not advise the defendant of the maximum and minimum sentences.

■ The trial judge did not comply with subparagraph (c)(1) of Rule 11, requiring that "the court must address the defendant personally in open court and inform him of,

and determine that he understands . . . the nature of the charge to which the plea is offered . . . ." The court said only

"All right, Mr. Lambert, you have been indicted by the Grand Jury on a one-count indictment, violation of the Firearms laws, in case CR 76–M–125."

During the subsequent proceedings the court asked the defendant "tell me about the gun." To this the defendant responded that he had a gun and was going to sell it, and he affirmed the judge's description of the gun and acknowledged that previously he had been convicted of crime punishable by imprisonment for a term exceeding one year. Thereafter the prosecutor described the evidence that would tend to show the prior conviction, the interstate shipment of the gun, receipt of it by defendant and his subsequent possession of it. Under these circumstances we cannot say that there was a "complete miscarriage of justice" or a proceeding "inconsistent with the rudimentary demands of fair procedure." A trial court's failure to describe the nature of the charge carries a risk of the conviction's being set aside. But in this case, based upon the entire proceeding and the Supreme Court's test, it gets by. Rule 11 is a prophylactic rule, designed to prevent the kind of problem that this case presents. All concerned parties, trial courts and appellate court, will be best served by compliance with it.

■ There is no merit to the contention that the conviction was invalid because defendant was not brought to trial within the 90-day period provided by the Speedy Trial Act of 1974.[2] Assuming without deciding that this may be raised on collateral attack, the only sanction provided by the Act for failure to bring a defendant to trial within 90 days of the date custody began is release of the defendant on bond.

■ The contention that petitioner was denied due process by excessive bail, if it

1. Because we apply the standards of *Timmreck* we pretermit discussion of whether our en banc decision in *Keel v. U. S.*, 585 F.2d 110 (CA5, 1978) (en banc), in which we spoke of the necessity of "prejudice" in a § 2555 attack

based upon failure to comply with Rule 11, remains viable after *Timmreck*.

2. 18 U.S.C. § 3161 et seq.

rises to constitutional levels, was waived by the voluntary plea of guilty. *Brady v. U. S.*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). The assertion that the plea agreement was not kept is refuted by the record. The contention that petitioner should have been prosecuted under 18 U.S.C. § 1202 rather than § 922(h) is frivolous.

AFFIRMED.