**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Rudolph CROOK,
Defendant-Appellant.**

**No. 79–2559
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 27, 1979.

Rehearing and Rehearing En Banc
Denied Dec. 26, 1979.

---

* Fed.R.App.P. 34(a), 5th Cir. R. 18.

John Rudolph Crook, pro se.

J. R. Brooks, U. S. Atty., Michael V. Rasmussen, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before COLEMAN, FRANK M. JOHNSON, Jr., and GARZA, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a pro se petition for relief filed under 28 U.S.C. § 2255. For the reasons set forth below, we affirm the district court.

On December 18, 1978, John Rudolph Crook, the appellant, entered a plea of guilty to one count of possession of heroin with intent to distribute. 21 U.S.C. § 841(a)(1). He was sentenced to ten years' imprisonment and ten years of special parole.

At the guilty plea proceedings, the district judge informed Crook that the maximum sentence for his offense was fifteen years or $25,000 or both, plus a special parole term of not less than three years. Crook contends that the judge violated Rule 11 of the Federal Rules of Criminal Procedure by failing to explain that there was no statutory maximum on the length of the special parole term he could impose. *See* Fed.R.Cr.P. 11(c)(1) (requiring judge to determine that defendant understands maximum possible penalty provided by law).

We find this contention to be without merit. In open court and after Crook was sworn, the exchange at issue was recorded as follows:

THE COURT: Do you know what the maximum sentence is under this charge?

DEFENDANT CROOK: Yes, sir.

THE COURT: What is it?

DEFENDANT CROOK: Fifteen years or 25,000.

THE COURT: Fifteen years or $25,000 or both, plus a special parole term of not less than three years, if it is your first conviction and not less than six years if you have had a prior conviction. A special parole term. Do you understand that?

DEFENDANT CROOK: Yes, sir.

THE COURT: Do you understand what that means?

DEFENDANT CROOK: Yes, sir.

There was no violation of the rule as contended.

 But even assuming such a violation, Crook is not entitled to relief. Although Crook now alleges that he was unaware of the unlimited possible length of the special parole term, he does not contend that if he had been so advised he would not have pled guilty. He claims only a technical violation of the rule. It is well-established that such a claim does not justify collateral relief. *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979); *Lambert v. United States,* 600 F.2d 476, 477 (5th Cir. 1979) (applying *Timmreck*). *See also Keel v. United States,* 585 F.2d 110 (5th Cir. 1978) (en banc).

Crook's other claim is that he was denied the effective assistance of counsel and that he was entitled to an evidentiary hearing in order to prove such denial.

This claim is also without merit. In this Circuit, in cases in which a guilty plea is entered, the duty of defense counsel is to make certain that the plea is entered voluntarily and knowingly. *See Carbo v. United States,* 581 F.2d 91, 93 (5th Cir. 1978). The record reflects that such was the case here. Crook did not make any specific factual allegations indicating otherwise, only a general statement that more

thorough investigation of his case might have led his counsel to advise him to plead not guilty. Given this setting, an evidentiary hearing was not necessary. *See United States v. Sanderson,* 595 F.2d 1021, 1022 (5th Cir. 1979).

AFFIRMED.