Edward Lee WRIGHT,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 78-2307.

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 1980.

Monroe J. Feldman, Atlanta, Ga., for petitioner-appellant.

Robert J. Boitmann, Asst. U. S. Atty., New Orleans, La., for respondent-appellee.

Before VANCE and SAM D. JOHNSON, Circuit Judges, and THOMAS,* District Judge.

VANCE, Circuit Judge:

Edward Lee Wright filed a 28 U.S.C. § 2255 motion to vacate his 1965 sentence for selling heroin after he was convicted in 1974 for more heroin sales and was sentenced as a second offender. The district court dismissed the motion. We affirm.

On October 23, 1964, Wright was indicted and charged with four counts of illegally selling heroin under the statutory predecessor of 21 U.S.C. §§ 825 and 828. At the arraignment on November 4 of that year, the prosecutor apprised him that the maximum sentence for the final count was twenty years of imprisonment. On January 20, 1965, Wright pleaded guilty to that count, and the government dismissed the other three counts. Before imposing sentence, the district court inquired whether anyone had coerced or forced him to plead guilty, whether anyone had guaranteed the judge's response to the plea, and whether Wright

was in fact guilty of the crime charged. The court sentenced Wright to five years imprisonment, the minimum sentence possible. Wright was represented by counsel during these proceedings.

On March 1, 1974, Wright was again convicted under 21 U.S.C. § 846 of illegally selling heroin. He was sentenced to thirty years imprisonment as a second offender, and this circuit affirmed his conviction.

On October 14, 1977, Wright moved to vacate his sentence under the 1965 conviction arguing that when it accepted his plea, the court did not satisfy Fed. R. Crim. P. 11. The district judge determined that the record and transcripts of the 1965 hearing and the 1964 arraignment were sufficient to enable him to assess the guilty plea without the need of a hearing. He then concluded that the 1965 guilty plea was entered voluntarily and understandingly and that it complied with Rule 11 in its 1965 form. On March 16, 1978, the court dismissed Wright's motion for vacation of sentence.

On appeal Wright again argues that the court which accepted his 1965 guilty plea did not comply with Rule 11. He therefore contends that the district court which dismissed his section 2255 motion erred in denying him relief without an evidentiary hearing.

■ In a section 2255 motion, a petitioner has the burden of sustaining his contentions by a preponderance of the evidence. *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980); *see Barnes v. United States*, 579 F.2d 364, 366 (5th Cir. 1978). The court must accord the movant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Because in this case the record, uncontradicted by Wright, shows that he is not entitled to relief, we affirm the district court.

■ In *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), the Supreme Court recently held

---

* District Judge of the Southern District of Alabama, sitting by designation.

that collateral relief is not available for a technical violation of Rule 11 in the absence of constitutional error or prejudice [1] to the petitioner. The court explained,

Such a violation [of Rule 11] is neither constitutional nor jurisdictional: the 1966 amendment to Rule 11 obviously could not amend the Constitution or limit the jurisdiction of the federal courts. Nor can any claim reasonably be made that the error here resulted in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure." Respondent does not argue that he was actually unaware of the special parole term or that, if he had been properly advised by the trial judge, he would not have pleaded guilty. His only claim is of a technical violation of the rule. That claim could have been raised on direct appeal, *see McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 [1969], but was not. And there is no basis here for allowing collateral attack "to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178, 67 S.Ct. 1588, 1590, 91 L.Ed. 1982.

*Id.* at 783–84, 99 S.Ct. at 2087 (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)). *Cf. Sunal v. Large*, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947) (trial error that was not constitutional violation.) Although the trial court in *Timmreck* had failed to warn the petitioner of a mandatory special parole term before accepting his guilty plea, thus had violated Rule 11, the Supreme Court refused to vacate petitioner's sentence.[2]

This court, sitting en banc in *Keel v. United States*, 585 F.2d 110 (5th Cir. 1978),

anticipated *Timmreck* and established the following standard for collateral review of Rule 11 cases:

Regardless of what principle of law is applied in direct appeals, we hold that when a collateral attack is made on a guilty plea for failure of the district court to literally comply with new Rule 11, the defendant must show prejudice in order to qualify for § 2255 relief. In the absence of a fundamental defect which inherently results in the miscarriage of justice, or an omission inconsistent with the demands of fair procedure, relief cannot be given in a collateral attack on a guilty plea conviction based on failure of Rule 11 compliance when the plea was taken.

*Id.* at 113 (after 1975 amendments to Rule 11).[3] *Accord, United States v. Johnson*, 615 F.2d 1125, 1127 (5th Cir. 1980); *Tallent v. United States*, 604 F.2d 370, 372 (5th Cir. 1979); *Howard v. United States*, 580 F.2d 716, 720 (5th Cir. 1978); *see United States v. King*, 604 F.2d 411, 414 (5th Cir. 1979) (factual basis requirement). Lee Jackson Keel contended that he was entitled to section 2255 relief because the trial court that accepted his plea erroneously overstated the maximum possible sentence. We concluded that Keel had not shown that the court's failure to comply with Rule 11 was "jurisdictional, unconstitutional, so fundamentally defective as to result in a complete miscarriage of justice, or inconsistent with rudimentary demands of fair procedure." *Id.* at 114. Because he did not indicate that he was prejudiced by the error, we denied Keel section 2255 relief. *Id.* This court has followed *Timmreck* and *Keel* in evaluating collateral challenges to guilty pleas taken in technical violation of Rule 11. *See, e. g.,*

---

1. One form of prejudice warranting section 2255 relief is a dispositive change in a circuit's law after the time for appeal has expired. *Davis v. United States*, 417 U.S. 333, 345–47, 94 S.Ct. 2298, 2304–5, 41 L.Ed.2d 109 (1974).

2. *Timmreck* and other decisions reflect the Court's concern with preserving the finality of judgments after appeal. *See United States v. Timmreck*, 441 U.S. at 784 & n. 4, 99 S.Ct. at 2087 & n. 4; *Henderson v. Kibbe*, 431 U.S. 145, 154 n. 13, 97 S.Ct. 1730, 1736 n. 13, 52 L.Ed.2d 203 (1977).

3. In *Keel*, we rejected a per se rule that a technical violation of Rule 11 required reversal of a guilty plea on collateral review. 585 F.2d at 113. Similarly, in *United States v. Dayton*, 604 F.2d 931 (5th Cir. 1979) (en banc), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980), we rejected an automatic reversal rule for harmless technical violations of the post-*McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), additions to Rule 11 on direct review.

*United States v. Crook,* 607 F.2d 670, 672 (5th Cir. 1979); *Tallent v. United States,* 604 F.2d at 372; *Lambert v. United States,* 600 F.2d 476, 477 (5th Cir. 1979).

■ Before it was amended in 1966 and in 1975, Rule 11 provided that a federal court

shall not accept the plea [of guilty] without first determining that the plea is made [1] voluntarily [2] with understanding of the nature of the charge.

The court was also required to determine [3] that the defendant entered the plea with comprehension of its consequences. *Kercheval v. United States,* 274 U.S. 220, 223–24, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927). *See United States v. Dayton,* 604 F.2d 931, 934–35 (5th Cir. 1979) (en banc), *cert. denied,* 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980). A 1966 amendment required the court to address the defendant personally in making these determinations.[4] Three years later, the Supreme Court ruled in *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), that on direct review the court must reverse a defendant's guilty plea and accord the defendant another opportunity to plead if the trial court did not personally ask the defendant whether these three requirements were met. *Id.* at 463–64, 89 S.Ct. at 1169. *McCarthy* was based on the application of Rule 11, not on constitutional grounds, and the Supreme Court refused to apply it retroactively. *Halliday v. United States,* 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). A 1975 amendment added numerous requirements to the rule, but the *McCarthy* rule of automatic plea reversal on direct review for violation of the three "core" considerations of the rule does not extend to harmless noncompliance with those technical requirements. *United States v. Caston,* 615 F.2d 1111, 1115 (5th Cir. 1980); *United States v. Dayton,* 604 F.2d at 939.

■ Wright pleaded guilty in 1965 to count 5 of the indictment against him. He now asserts that the court did not determine whether he entered his plea voluntarily. Before *McCarthy* and the amendments to Rule 11, this court "repeatedly stated that determination by the trial court that the plea was made voluntarily need not comply with any set formula." *Floyd v. United States,* 260 F.2d 910, 912 (5th Cir. 1958), *cert. denied,* 359 U.S. 947, 7 S.Ct. 728, 3 L.Ed.2d 680 (1959). During the plea proceedings, Wright assured the trial judge that no one had forced or coerced him to plead guilty. The record thus demonstrates that Wright entered his plea voluntarily and that his contention that the trial court did not ascertain the voluntariness of his plea before accepting it does not entitle him to section 2255 relief. *See Diggs v. United States,* 447 F.2d 460 (5th Cir. 1971); *Floyd v. United States,* 206 F.2d at 912.

■ Similarly, Wright argues that the court did not determine whether he understood the nature of the charge to which he pleaded guilty. In 1965 the court was not required to follow a prescribed formula in determining that a defendant understood the nature of the charge. *Kennedy v. United States,* 249 F.2d 257, 258 (5th Cir. 1957); *see Hulsey v. United States,* 369 F.2d 284, 286 (5th Cir. 1966). Before the court accepted his plea, Wright, who had been sworn by the clerk and was represented by counsel, affirmed to the court that he actually was guilty of the crime charged. A government agent then testified,

As to the defendant Wright, as set out in Count 5, he was arrested on June 5, 1964, . . . in New Orleans, for selling . . . heroin hydrochloride, to an informant in the amount of 1.419 grams, which was contained in 18 capsules, and that quantity of drugs . . . was not sold from the original stamped package or authorized under any of the exceptions to the United States Code.

Because this sequence shows that Wright comprehended the charge to which he

---

4. Rule 11, as amended in 1966, provided that a federal court

shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. . . . The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

pleaded guilty, it establishes that his sentence should not be vacated based on this assertion. *See generally Lambert v. United States*, 600 F.2d 476 (5th Cir. 1979); *United States v. Dabdoub-Diaz*, 599 F.2d 96, 99 (5th Cir.), *cert. denied*, 444 U.S. 878, 100 S.Ct. 164, 62 L.Ed.2d 107 (1979); *Laughner v. United States*, 373 F.2d 326, 327–28 (5th Cir. 1967).

▮ Finally, Wright contends that the court did not ascertain whether he understood the consequences of his guilty plea. He claims that his sentence must be vacated because the court failed to tell him the maximum sentence for the offense, to notify him of the plea's possible enhancing effect on a subsequent sentence, and to warn him of the constitutional rights waived. Before it was amended in 1975, "Rule 11 did not . . . require that the court itself explain the penalties to the defendant . . . ." *Howard v. United States*, 580 F.2d at 721. *Accord, Franklin v. United States*, 589 F.2d 192, 194 (5th Cir.), *cert. denied*, 441 U.S. 950, 99 S.Ct. 2177, 60 L.Ed.2d 1055 (1979); *Johnson v. United States*, 542 F.2d 941, 942 (5th Cir. 1976), *cert. denied*, 430 U.S. 934, 97 S.Ct. 1559, 51 L.Ed.2d 780 (1977). At Wright's initial appearance, the prosecutor advised him of the maximum penalties of the offenses with which he was charged. The record thus shows that Wright pleaded guilty knowing the maximum sentence the court could impose. Like a defendant's ineligibility for parole, *Trujillo v. United States*, 377 F.2d 266, 268–69 (5th Cir.), *cert. denied*, 389 U.S.

899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967), a plea's possible enhancing effect on a subsequent sentence is merely a collateral consequence of the conviction; it is not the type of consequence about which a defendant must be advised before the defendant enters the plea. *See Weinstein v. United States*, 325 F.Supp. 597, 600 (C.D.Cal. 1971). *Cf. Johnson v. Dees*, 581 F.2d 1166, 1167 (5th Cir. 1978) (possible denial of time off for good behavior); *Ladner v. Henderson*, 438 F.2d 638, 639 (5th Cir. 1971) (possible denial of good time and parole ineligibility).[5] In *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Supreme Court held that waivers of the privilege against self-incrimination, the right to a jury trial, and the right of confrontation could not be presumed from a silent record; however, in *United States v. Frontero*, 452 F.2d 406 (5th Cir. 1971), we noted that "*Boykin* involved a silent record" and explained,

> This Court is . . . aware of no precedent, from the Supreme Court or elsewhere, for the proposition that due process requires that a defendant be informed of each and every right which is waived by a guilty plea . . . . .

*Id.* at 415.[6] *Accord, McChesney v. Henderson*, 482 F.2d 1101, 1106–07 (5th Cir. 1973), *cert. denied*, 414 U.S. 1146, 94 S.Ct. 901, 39 L.Ed.2d 102 (1974). In 1965, Rule 11 did not require the court to inform defendant personally of the constitutional rights he waived, and the record in this case is not silent, but shows that Wright pleaded guilty

**5.** The Supreme Court, in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), said that courts "cannot presume a waiver of these three important federal rights [—the privilege against compulsory self-incrimination, the right to a jury trial, and the right to confrontation—] from a *silent record*." *Id.* at 243, 89 S.Ct. at 1712. A year later, the court in *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), said that "[t]he new element added in *Boykin* was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." *Id.* at 747–48 n. 4, 90 S.Ct. at 1468 n. 4. *See also North Carolina v. Alford*, 400 U.S. 25, 29 n. 3, 31, 91 S.Ct. 160, 163, n. 3, 164, 27 L.Ed.2d 162 (1970). This circuit delineated the scope of *Boykin's* requirement and fifth circuit prece-

dent in *McChesney v. Henderson*, 482 F.2d 1101 (5th Cir. 1973), *cert. denied*, 414 U.S. 1146, 94 S.Ct. 901, 39 L.Ed.2d 102 (1974):

> [T]here is no requirement that there be express articulation and waiver of the three constitutional rights referred to in *Boykin*, by the defendant at the time of acceptance of his guilty plea, if it appears from the record that the accused's plea was intelligently and voluntarily made, with knowledge of its consequences.

*Id.* at 1110. *Accord, United States v. Caston*, 615 F.2d at 116 n. 4; *United States v. Frontero*, 452 F.2d 406, 415 (5th Cir. 1971).

**6.** Rule 11 does not require warning of such collateral consequences as ineligibility for parole. *Herrera v. United States*, 507 F.2d 143, 144 (5th Cir. 1975); *Rosas v. United States*, 505

understandingly and voluntarily. *See Franklin v. United States*, 589 F.2d at 194; *Summers v. United States*, 538 F.2d 1208, 1210 (5th Cir. 1976); *United States v. Frontero*, 452 F.2d at 415.

■ The proceedings during which Wright entered his guilty plea satisfied the " 'rudimentary demands of fair procedure' " and did not result in a " 'complete miscarriage of justice.' " *United States v. Timmreck*, 441 U.S. at 783–84, 99 S.Ct. at 2087–88 (quoting *Hill v. United States*, 368 U.S. at 428, 82 S.Ct. at 471). The record conclusively demonstrates that Wright entered his guilty plea voluntarily with an understanding of the nature of the charge and the direct consequences of his act. The district court did not err in dismissing Wright's section 2255 motion without an evidentiary hearing.

AFFIRMED.

F.2d 115, 116 (5th Cir. 1974), *cert. denied*, 421 U.S. 1001, 95 S.Ct. 2402, 44 L.Ed.2d 670 (1975); subjection to a mandatory special parole term or a parole term without statutory maximum, *United States v. Timmreck*, 441 U.S. at 784–85, 99 S.Ct. at 2087–88; *United States v. Crook*, 607 F.2d at 672; disenfranchisement, *United States v. Dayton*, 604 F.2d at 937; *Waddy v. Davis*, 445 F.2d 1, 3 (5th Cir. 1971); loss of other citizenship rights, *United States v. Offen*, 439 F.2d 1079, 1080 (5th Cir. 1971); *Meaton v. United States*, 328 F.2d 379, 381 (5th Cir. 1964), *cert. denied*, 380 U.S. 916, 85 S.Ct. 902, 13 L.Ed.2d 801 (1965); or possible denial of good time benefits as a serious multiple offender.