BOWEN, Judge.
On his pleas of guilty to separate indictments the defendant was convicted of possession of marijuana and possession of cocaine in violation of the Alabama Uniform Controlled Substances Act. Section 20-2-1 et seq., Alabama Code 1975. Sentence was four years’ imprisonment on each charge to run consecutively.
The defendant maintains that his guilty pleas were involuntary because he was not fully informed of his constitutional rights and because the pleas were the result of coercion and threats by his attorney and by an investigator for the District Attorney.
At the hearing on the defendant’s motion for a new trial the defendant and his wife testified to conversations they had had with retained defense counsel Robert Wilson. However, the defendant refused to “waive” any attorney-client privilege, refused “to give permission at anytime, ever, for his. *804 former attorney (Wilson) to get on the stand and reveal any secrets, or the conversation, or any other things that were said in his presence at anytime.” The defendant, through his new defense counsel (Robert H. King), maintained that any violation of “the Ethical Rules . . . would be reported to the Bar for disciplinary action . .. . ”
Under these circumstances Wilson was reluctant to testify and did not take the witness stand. The trial judge left the matter to Wilson’s discretion. While both the positions of the trial judge and Wilson are understandable, they are not supported by legal authority.
“(A)n assertion that a plea is invalid because it was not made intelligently with knowledge of the consequences, waives an objection that such evidence is privileged. United States v. Woodall, 5 Cir. 1970, 438 F.2d 1317, cert. denied, 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712.” Johnson v. United States, 542 F.2d 941, 942 (5 Cir.1976).
The position taken by the defendant in this matter “trifles with the truth” and “scoffs at justice.”
“Courts earnestly pursuing reality would be hard put to justify a rule that would allow a defendant circumstanced as Woo-dall here to assert that his solemn pleas of guilty were negated for lack of accurate information of sentence consequences, then permit him to run a procedural trap play that would block the development of the plain truth which shows his own attorney told him what he could expect. Not only does this specious sophistry fail to protect confidential relationships, it trifles with the truth — it scoffs at justice — and we reject it flatly.” Woodall, 438 F.2d at 1326.
Because we are only concerned in arriving at a true and accurate determination of whether the defendant’s guilty pleas represent a voluntary and intelligent choice, we remand this case to the Circuit Court with directions that defense counsel be allowed to testify without fear that he will breach any attorney-client privilege. See Woodall, supra. A record shall be made of the hearing on remand and returned to this Court. After hearing the testimony of defense counsel, the trial court shall again determine whether or not the guilty pleas were voluntary.
REMANDED WITH DIRECTIONS.*
All Judges concur.

 After return to remand, the appeal was dismissed, October 12, 1982. All judges concurred.