968 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lonzo DOWTIN, Petitioner-Appellant,
v.
Raymond TOOMBS, Respondent-Appellee.
 No. 91-2052.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1992.
 
 Before MERRITT, Chief Judge and KEITH and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lonzo Dowtin appeals the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The attorney for the appellant has filed a motion to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738 (1967), and has served Dowtin with a copy of his motion to withdraw and an Anders brief. Dowtin has moved for appointment of new counsel. The case is fully briefed.
 
 
 3
 In 1976, petitioner pled guilty to second degree murder and was sentenced to life imprisonment. The Michigan Court of Appeals affirmed. The Michigan Supreme Court remanded the matter to the trial court for an evidentiary hearing to determine if petitioner's counsel told petitioner that a sentencing agreement had been reached in addition to the plea agreement. The trial court ruled against the petitioner, the Michigan Court of Appeals denied an application for late appeal and the Michigan Supreme Court declined to hear the appeal.
 
 
 4
 In 1981, petitioner filed a petition for writ of habeas corpus raising two issues: 1) the plea was not voluntary because petitioner believed that a promise of leniency had been made to him by his trial counsel; and 2) the trial court failed to inform petitioner that he would be ineligible for parole for ten years if he received a life sentence. The district court denied the petition and this court affirmed.
 
 
 5
 A complaint for superintending control was filed in the Michigan Court of Appeals in 1989 alleging that the confession was unlawfully obtained while he was under the influence of drugs and that he was denied effective assistance of counsel. The complaint was denied and the Michigan Supreme Court denied an application for leave to appeal.
 
 
 6
 The instant petition for a writ of habeas corpus was filed in 1990 and raised two issues: 1) ineffective assistance of counsel in that petitioner had limited consultations with counsel; and 2) that the confession obtained by police was unlawful and unconstitutional because he was under the influence of drugs and that his guilty plea was based upon the confession. The district court dismissed the petition finding that the issue of ineffective assistance of counsel was an abuse of the writ and that the claim that his confession was involuntary was a successive claim.
 
 
 7
 Petitioner appealed. On appeal, petitioner raises the same issues asserted in the district court.
 
 
 8
 The court renders de novo review of a petition for a writ of habeas corpus. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 9
 As previously stated, the district court determined that Dowtin's first claim of an involuntary confession constituted a successive claim and the second claim of ineffective assistance of counsel was dismissed for failure to raise it in the first petition. The district court thought the claim of involuntary confession was the confession in connection with the guilty plea. However, the petitioner actually argued that at the time of his arrest he was under the influence of drugs which resulted in him giving an involuntary confession. The claim of an involuntary confession is meritless where it occurred prior to a plea of guilty, and the petitioner is barred from challenging the voluntariness of his confession. Tollett v. Henderson, 411 U.S. 258, 266 (1973); Franklin v. United States, 589 F.2d 192, 194-95 (5th Cir.) (per curiam), cert. denied, 441 U.S. 950 (1979). Although the claim did not represent a successive petition, it was properly dismissed as an abuse of the writ because he failed to raise it at a previous opportunity and he failed to show cause for his failure to raise the claim and the resulting prejudice to his case. McCleskey v. Zant, 111 S.Ct. 1454, 1467 (1991). We may affirm for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 10
 The ground of ineffective assistance of counsel could also have been raised in the previous petition. No cause and prejudice was shown and the raising of the issue is an abuse of the writ. McCleskey, 111 S.Ct. at 1467. The claim was properly dismissed by the district court.
 
 
 11
 Accordingly, it is ORDERED that the motion to withdraw as counsel be granted, the motion to appoint new counsel be denied, and the judgment of the district court be, and it hereby is, affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.