David M. RICE, Petitioner,

v.

UNITED STATES of America, Respondent.

Nos. 1:98CV1399, 1:96CV262.

United States District Court, N.D. Ohio, Eastern Division.

Feb. 17, 1999.

David M. Rice, Bradford, PA, pro se.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 45–1:96CR262; Dkt. # 1–1:98CV1399). Specifically, Petitioner contends that his counsel rendered ineffective assistance of counsel because he did not to object to the "crack enhancement,"[1] did not argue that the gun in Petitioner's house was not connected to the drug offense, and did not send notice of appeal, perfect appeal, or inform Petitioner of the 10–day time limit. For the reasons stated below, Petitioner's motion is **DENIED.**

On January 29, 1997, Petitioner plead guilty, pursuant to a Rule 11 plea agreement, to three counts of distributing crack cocaine, and one count of knowingly and intentionally possessing with the intent to distribute crack cocaine. Petitioner also plead guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

### Law

In *Nagi v. United States,* 90 F.3d 130 (6th Cir.1996), the Sixth Circuit held that a defendant, collaterally attacking his sentence, after no objection was made at the underlying proceeding, "must show: (1) 'cause' excusing his procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains," in order to obtain collateral relief. *Id.* at 134 *citing United States v. Frady,* 456 U.S. 152, 167–168, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). When moving to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, a defendant has the burden of sustaining his contentions by a preponderance of the evidence. *Wright v. United States,* 624 F.2d 557, 558 (5th Cir.1980).

Petitioner argues that "cause" exists based on his ineffective assistance of counsel claim. Petitioner's claim must be evaluated using the two-part test from *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner must show that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 688–94, 104 S.Ct. 2052.

This Court's review of counsel's performance, "must be highly deferential... A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight..." *Id.* at 689, 104 S.Ct. 2052. Also, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Darden v. Wainwright,* 477 U.S. 168, 187, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986).

---

1. The sentencing enhancement for crack in relation to that for powder cocaine, in terms of the drug weights corresponding to specified guideline levels, is on the order of 100:1. Until 1993, the Sentencing Guidelines did not define "cocaine base."
In 1993, this definition was added to U.S. Sentencing Guideline 2D1.1(c), apparently in response to the interpretation that all cocaine base was to be treated as "crack" and that only powder cocaine could be addressed under the more lenient sentencing schedule:
> "Cocaine base," for the purposes of this guideline, means "crack." " 'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form."

### 1. The "crack enhancement"

Petitioner's first challenge to his sentence is based upon counsel's alleged failure to distinguish "cocaine base" and "crack" for the purposes of sentencing, as these terms are defined by the guidelines. Attached to his Reply Brief are laboratory analyses conducted by the Lake County Forensic Laboratory which identify the substances he possessed as containing "any amount of *cocaine*" (emphasis added).

Petitioner contends that, at sentencing, the government failed to prove by a preponderance of the evidence that the form of cocaine base at issue was actually crack, citing *United States v. James*, 78 F.3d 851 (3th Cir.1996).

In *James*, the Third Circuit acknowledged that "admissions to the court by a defendant during a guilty plea colloquy can be relied upon by the Court at the sentencing stage." *Id.* at 856. *See also United States v. Tucker*, 142 F.3d 438 (Table), 1998 WL 180565 (6th Cir.)at *1. However, the indictment, the defendant, and the court at the plea colloquy in *James* spoke in terms of "cocaine base". Only government counsel referred to the contraband as "crack cocaine."

The Third Circuit stated, "The problem here, however, on this record, with the defendant and the court speaking in terms of cocaine base, and the prosecutor referring to the cocaine base as crack, is whether the Government's characterization of the contraband constitutes a sufficient admission of the defendant under these circumstances that he possessed and sold crack merely because he answered 'yes' to the prosecutions description of the crime." *Id.* at 865.

As a result, the Third Circuit concluded that, without more, "the casual reference to crack by the Government in the colloquy with the court over 'the relevant quantity of cocaine base in determining Mr. James's [sic] offense level" did not "unmistakably amount[ ] to a knowing and volun-tary admission that the cocaine base constituted crack." *Id.*

On the contrary, the record in the case *sub judice* (the indictment, plea agreement, plea transcript and PSR), is replete with specific references and admissions to the possession of crack. Petitioner indicated that the government's version of the events leading to his arrest were accurate, and that he had in fact possessed with the intent to distribute crack cocaine.

The Sixth Circuit addressed a more factually analogous challenge in *United States v. Pruitt*, 156 F.3d 638 (6th Cir.1998). Distinguishing *James*, the Sixth Circuit stated, "[I]n the present case, not only does the evidence demonstrate that crack cocaine was involved, as indicated by the PSR, but [the defendant] admitted in his testimony that crack cocaine was involved." *Id.* at 648. *See also United States v. Washington*, 115 F.3d 1008, 1011 (D.C.Cir.1997) (holding no "obvious error" and distinguishing *James* on basis of "the presentence report's uncontested use of a clear technical term clearly defined in the governing rules (the Guidelines)").

Therefore, the record clearly reflects that Petitioner knowingly and voluntarily pleaded guilty to possession of crack. *United States v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The Sixth Circuit, in reviewing a challenge to a lab report which allegedly failed to establish that a substance was crack, stated, "The laboratory report is irrelevant. The trial court could rely on Tucker's admissions at the plea colloquy alone. As an admitted conspirator, [Defendant] would know the substance's composition." *Tucker, supra*, 1998 WL 180565 at *1.

As such, Petitioner admitted to all of the elements of that crime, including that the controlled substance in question was crack and not merely cocaine base. Therefore, counsel's failure to object to the "crack

enhancement" at sentencing was not objectively unreasonable.

### 2. The "possession of a firearm in connection with the offense" enhancement

■ Petitioner next argues that his Sixth Amendment right to effective assistance of counsel was violated because his counsel failed to argue that it was "clearly improbable" that the gun he possessed was connected with his drug offense. Petitioner argues, for the first time, that the firearm found in his residence actually belonged to a friend, and was found on the second floor, while his arrest occurred on the first floor.

In *United States v. Hill*, 79 F.3d 1477, 1485 (6th Cir.), *cert. denied*, 519 U.S. 858, 117 S.Ct. 158, 136 L.Ed.2d 102 (1996), Hill argued that U.S.S.G. § 2D1.I(b)(I) was improperly applied because his girlfriend, with whom he lived, testified that somebody else owned the gun, and that *she* kept the gun in the house for her own protection.

The Sixth Circuit held that it was not "clearly improbable" that a gun found in the master bedroom could not be connected with drugs found in the bathroom. The Court reasoned that even if the firearm was in the home for the girlfriend's protection, "the gun could be jointly possessed as was located in a residence to which Hill had full access and where drugs were found." *Id.* Therefore, with unfavorable and binding precedent directly on point, it was not "objectively unreasonable" for Petitioner's counsel not to object to the sentencing enhancement with respect to the firearm.

### 3. Appeal

Finally, Petitioner specifically waived his right to direct appeal in his plea agreement. Paragraph 8 of the plea agreement states, in pertinent part,

...[D]efendant expressly waives his right to appeal the conviction and sentence provided that the Court imposes a term of imprisonment based upon a base offense level, specific offense characteristics and victim related adjustments as calculated in this plea agreement. Further, defendant waives his right to appeal any failure to downwardly depart from the applicable guideline range. Defendant reserves the right to appeal any upward departure from the applicable sentencing guideline range and any alleged error in determining the criminal history score...

■ Petitioner's sentence fell within the parameters that make his waiver of his appellate rights effective. Specifically, Petitioner's base offense level as calculated in the plea agreement was 27. As Petitioner's Criminal History Category was 5, the applicable sentencing range was 120–150 months. Petitioner received the lowest possible sentence within this range.

The Sixth Circuit has repeatedly upheld the validity of appeal waivers. In *United States v. Ashe*, 47 F.3d 770, 776 (6th Cir. 1995), the Sixth Circuit held that "any right, even a constitutional right, may be surrendered in a plea agreement if that waiver is made 'knowingly and voluntarily.'" *See also United States v. Allison*, 59 F.3d 43, 46 (6th Cir.), *cert. denied*, 516 U.S. 1002, 116 S.Ct. 548, 133 L.Ed.2d 450 (1995). Therefore, his ineffective assistance of counsel claim with respect to counsel's failure to file a direct appeal must fail.

For the reasons stated above, Petitioner has failed to prove that counsel's representation fell below an objective standard of reasonableness, and, consequently, the Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt.# 45) is **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appeal-

ability pursuant to 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**