[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 18, 2009
THOMAS K. KAHN
CLERK

No. 09-11039
Non-Argument Calendar

_____

D. C. Docket Nos. 08-90006-CV-CAR-5
05-00064-CR-001

DONYAL TARVER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 18, 2009)

Before DUBINA, Chief Judge, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Appellant Donyal Tarver, a federal prisoner, appeals through counsel the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, alleging ineffective assistance of counsel based on his counsel's failure to challenge the district court's use of his prior convictions to calculate his criminal-history score at sentencing. On appeal, Tarver argues that, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255 ("the § 2255 Rules"), the district court was required to order the government to file a response to his § 2255 motion, and because the government's response did not contain a denial of his allegations, the government effectively admitted that he received ineffective assistance of counsel, pursuant to Fed.R.Civ.P. 8(b)(6). If this court does not accept his "procedural argument," Tarver argues that we should order the district court to conduct a second evidentiary hearing for additional development of the factual record.

"In a 28 U.S.C. § 2255 proceeding, we review a district court's legal conclusions *de novo* and factual findings for clear error. A claim of ineffective assistance of counsel is a mixed question of law and fact that we review *de novo*." *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008). "In a section 2255 motion, a petitioner has the burden of sustaining his contentions by a

preponderance of the evidence." *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).

In *Strickland v. Washington*, the Supreme Court set out a two-part inquiry for ineffective assistance of counsel claims. 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed.2d 674 (1984).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* To succeed on an ineffective-assistance-of-counsel claim, a habeas petitioner must satisfy both prongs of the *Strickland* test. *Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004).

## A. Procedural Argument

We review a district court's interpretation of federal procedural rules *de novo*. *Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co.*, 279 F.3d 1306, 1308 (11th Cir. 2002). We review *de novo* the applicability of a Federal Rule of Civil Procedure in a habeas proceeding. *See McBride v. Sharpe*, 25 F.3d 962, 967-68 (11th Cir. 1994) ("The applicability of the ten-day notice provision of

3

Fed.R.Civ.P. 56(c) in a Habeas Rule 8(a) disposition is a question of law . . . subject to de novo review.").

Rule 4(b) of the § 2255 Rules provides in full:

> **(b) Initial Consideration by the Judge.** The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

28 U.S.C. foll. § 2255, Rule 4(b). Rule 5 of the § 2255 Rules addresses, *inter alia*, answers to § 2255 motions, and provides that a "respondent is not required to answer the motion unless a judge so orders." 28 U.S.C. foll. § 2255, Rule 5(a).

Rule 8(b)(6) of the Federal Rules of Civil Procedure provides that, in responding to a pleading, "[a]n allegation . . . is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided." Fed.R.Civ.P. 8(b)(6); *see also* 28 U.S.C. foll. § 2255, Rule 12 ("The Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

Because the plain language of Rule 4(b) of the § 2255 Rules did not require the district court to order the government to file a response to Tarver's § 2255

4

motion, we hold that pursuant to Rule 8(b)(6), the government was not deemed to have admitted Tarver's allegation of ineffective assistance of counsel by failing to deny the allegation specifically in its response to his motion.

**B.      Evidentiary Hearing**

In *Murray v. United States*, we affirmed the denial of a § 2255 motion and held that the movant was not entitled to a second evidentiary hearing when he already had been given an opportunity to prove his allegations.  145 F.3d 1249, 1254 (11th Cir. 1998).

Because the record here demonstrates that Tarver had a full opportunity to develop his ineffective-assistance claim at an evidentiary hearing and the district court could determine that he failed to meet his burden, we hold that Tarver is not entitled to a second evidentiary hearing.

For the aforementioned reasons, we affirm the district court's judgment dismissing Tarver's § 2255 motion.

**AFFIRMED.**