**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-13006

Non-Argument Calendar

————————————

DENNIS CHRISTENSEN,

*Petitioner-Appellant,*

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

*Respondents-Appellees.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:21-cv-00722-TJC-PDB

————————————

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Dennis Christensen, a Florida prisoner, appeals the district court's denial of his *pro se* 28 U.S.C. § 2254 habeas corpus petition.

We granted a certificate of appealability as to whether the district court erred in determining that Christensen's due process claims raised in Grounds 5, 12, and 14 of his petition were not cognizable in federal habeas. Because we conclude these claims are not cognizable, we affirm.

## I.

In 2015, James McVickers noticed his neighbor Dennis Christensen's truck stuck in a ditch. McVickers offered to help Christensen, who declined. When McVickers persisted, Christensen pulled a gun on him. McVickers fled and called the police. Meanwhile, Christensen went to McVickers's home, kicked the door in, and shot his neighbor's dog. Police quickly obtained arrest and search warrants for Christensen and his home. Following a field interview, police officers drafted a report, writing that Christensen "kicked the front door of the victim's house open and went inside to try to confront anyone inside."

Christensen was charged with burglary, cruelty to animals, aggravated assault with a firearm, and possession of a firearm by a convicted felon. During the proceedings, Christensen changed lawyers several times. In 2016, when his new lawyer requested an extension of the period of plea negotiations, the Florida trial judge granted it but made clear that there would be no further extensions. The judge stated that "Mr. Christensen is again simply trying to defer the inevitable by retaining his third law firm." One week later, Christensen pleaded guilty to all charges. He affirmed that he was voluntarily giving up his right to a jury trial and that he

understood he could not challenge the state's evidence, file motions, or appeal. The court then sentenced Christensen to fifteen years in prison.

Christensen appealed his sentence in October 2016, arguing that the prosecutor gave "false testimony," that the judge's "defer the inevitable" comment proved he was biased against Christensen, that his guilty plea was not voluntary, that he did not receive effective assistance of counsel, that the prosecutor threatened him with life in prison, that the police report was perjured, and that the search warrant was invalid. In March 2017, Florida's First District Court of Appeal affirmed his conviction per curiam.

Christensen next filed six motions (in which he raised the same arguments) for postconviction relief under Florida Rule of Criminal Procedure 3.850. The court rejected Christensen's arguments and denied relief. The First DCA again affirmed per curiam.

Christensen then filed the current fourteen-ground federal habeas petition, raising the same arguments as before. The district court addressed and rejected each of his arguments.

Christensen moved us for a certificate of appealability. On January 8, 2025, we denied a COA as to each of his substantive constitutional claims. However, the district court did not rule on the merits of Christensen's due process claims, instead holding that those claims were not cognizable in habeas. We granted a COA on the issue of "[w]hether the district court erred in determining that Christensen's due process claims in Grounds 5, 12, and 14 were not cognizable in 28 U.S.C. § 2254 proceedings."

## II.

"When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact *de novo*, and findings of fact for clear error." *Alston v. Dep't of Corr., Fla.*, 610 F.3d 1318, 1325 (11th Cir. 2010) (citation and quotations omitted).

## III.

We granted a COA to determine whether Christensen may raise his due process claims in habeas.[1] Generally, a habeas petitioner who has knowingly and voluntarily pleaded guilty in state court on advice of counsel is not entitled to habeas review of claims arising from alleged constitutional violations that occurred before the guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "A defendant's knowing and voluntary plea, with the benefit of competent counsel, waives all non-jurisdictional defects in the proceedings." *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir. 1991). This rule applies to due process claims. *Lambert v. United States*, 600 F.2d 476, 478 (5th Cir. 1979).

The Supreme Court has recognized limited exceptions to this rule: jurisdictional defects that implicate the government's power to prosecute the defendant; a state statute permitting

---

[1] Christenson's briefs mention other claims. We addressed these claims in our order on his petition for a COA. We will limit our discussion to the question on which we granted a COA and consider only Christenson's due process claims.

appellate review notwithstanding a guilty plea; and claims attacking the constitutionality of the underlying statute of conviction. *Blackledge v. Perry*, 417 U.S. 21, 30-31 (1974); *Menna v. New York*, 423 U.S. 61, 62 (1975); *Lefkowitz v. Newsome*, 420 U.S. 283, 284-85 (1975); *Class v. United States*, 583 U.S. 174, 179 (2018).

We conclude that Christensen's due process claims are not cognizable under the Supreme Court's rule in *Tollett*. In Counts 5, 12, and 14, Christensen alleges, as relevant here, that Section 14 of the Florida Constitution (which governs bail) violates due process, that the prosecutor improperly threatened him with life in prison, that the Florida trial court's consideration of the police report was an improper ex parte judicial proceeding, that the court erroneously denied his requests for additional discovery and a continuance, and that the court was biased against him. He argues that these events denied him due process both severally and collectively.

Because Christensen's guilty plea was voluntary and he is alleging pre-plea constitutional violations, *Tollett*'s general rule applies. We explained in our order on his petition for a COA that Christensen, with the help of counsel, knowingly and voluntarily pleaded guilty to all charges and did not reserve a right to appeal. In his signed Plea of Guilty, he forfeited "the right to appeal all matters relating to the judgment, including the issue of guilt or innocence." Nonetheless, his due process claims are directed at pre-plea processes: the right to bail under Section 14; the supposed ex parte judicial proceeding, his requests for additional discovery and a

continuance, the prosecutor's "threat" that Christensen faced life in prison, and the court's statements regarding future extensions (which he cites as evidence of bias). Absent an exception to *Tollett*, Christensen may not litigate these alleged due process violations in federal habeas.

We cannot say an exception to *Tollett*'s general rule applies here. Christensen is not alleging any jurisdictional defects concerning the state's power to prosecute him, he is not attacking the constitutionality of an underlying statute, and there is no applicable state law granting him a right to appellate review under these circumstances. Christensen's due process claims are precluded from federal habeas review.

**IV.**

**AFFIRMED.**