895 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
German YAKOVLEVICH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-3418.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1990.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a) (1989).
 
 
 2
 German Yakovlevich is a pro se prisoner who appeals from the district court's denial of a motion to vacate and correct his sentence that he had brought pursuant to 28 U.S.C. Sec. 2255 (1984) and Fed.R.Crim.P. 35(a) (1989). In exchange for the prosecution's agreement to seek the dismissal of several related charges, Yakovlevich had pled guilty to one count of conspiracy to distribute cocaine and one count of possession of cocaine. Each count reflects a violation of 21 U.S.C. Sec. 841(a) (1982). Yakovlevich is now serving a five-year sentence on the conspiracy charge pursuant to 21 U.S.C. Sec. 846 (1982) which is consecutive with a sentence of five years imprisonment and three years special parole on the possession charge pursuant to 21 U.S.C. Sec. 841(b) (1982).
 
 
 3
 On appeal Yakovlevich argues that special parole was inapplicable to his sentence for possession because his conviction involved more than a kilogram of cocaine. See, e.g., United States v. Santamaria, 788 F.2d 824, 829 (1st Cir.1986); United States v. Phungphiphadhana, 640 F.Supp. 88, 88-89 (D.Nev.1986). As noted by the district court, this argument must be considered in light of Sec. 841(b) as it was applied on November 20, 1984, when Yakovlevich committed the crime of possession. Prior to October of 1984, special parole was a mandatory part of every sentence that involved the possession of any narcotic controlled substance, including cocaine. 21 U.S.C. Sec. 841(b)(1)(A) (1982). The Sentencing Reform Act of 1984 did eliminate the language that provided for special parole. Pub.L. No. 98-473, Sec. 224, 98 Stat. 2030 (1984). However, these changes did not become effective until November 1, 1987. Id. at Sec. 235(a)(1), 98 Stat. 2031 and Sentencing Reform Amendments Act of 1985, Pub.L. No. 99-217, Sec. 4, 99 Stat. 1728.
 
 
 4
 However, there is at least one change in 21 U.S.C. Sec. 841(b) that does apply to Yakovlevich's case. The Controlled Substances Penalties Amendments Act of 1984 renumbered former Sec. (b)(1)(A) as Sec. (b)(1)(B) and inserted a new section in its place. Pub.L. No. 98-473, Sec. 502, 98 Stat. 2068 (1984). The new Sec. (b)(1)(A) did not authorize the courts to impose a term of special parole. Thus, the propriety of Yakovlevich's parole depends wholly on whether he was sentenced under the new Sec. (b)(1)(A) or the new Sec. (b)(1)(B).
 
 
 5
 The legislative history of the Sentencing Reform Act clearly indicates that the new Sec. (b)(1)(A) differentiates between possession of a kilogram or more of cocaine and possession of a lesser amount. 1984 U.S. Code Cong. & Admin.News 3440.
 
 
 6
 The "new" Sec. 841(b)(1)(A) imposed enhanced penalties: imprisonment up to twenty years, and a fine not to exceed $250,000 for first-time offenses involving, inter alia, one kilogram or more of cocaine. The special parole term was deleted from this section. However, the "new" Sec. 841(b)(1)(B) retained the special parole term, and set maximum penalties at fifteen years imprisonment and $125,000 for first-time offenses involving, inter alia, less than one kilogram of cocaine.
 
 
 7
 United States v. McDaniel, 844 F.2d 535, 536 (8th Cir.1988) (footnote omitted); see also, United States v. Santamaria, 788 F.2d at 829.
 
 
 8
 While Yakovlevich's interpretation of the new Sec. (b)(1)(A) may have been correct, his attempt to apply that section to his case was not. In essence, Yakovlevich argues that his sentence should be reduced because the crime that he committed is really more serious than the offense that was clearly contemplated by all of the parties at the time that he was re-sentenced. This anomalous argument must fail for three reasons: 1) a special parole term is not inconsistent with the facts that appear in the record, 2) Yakovlevich was clearly and repeatedly advised that his sentence could include a mandatory term of special parole, and 3) Yakovlevich accepted a term of special parole as part of his plea agreement with the prosecution.
 
 
 9
 Count two of the indictment charges Yakovlevich with the possession of cocaine without giving any indication of the amount involved. Yakovlevich admitted on the record that he had committed this offense. The district court's finding that he had done so is not clearly erroneous. It is itself sufficient to support Yakovlevich's sentence under new Sec. (b)(1)(B) because the amount of cocaine involved is not an essential element under that section. Cf. United States v. Wood, 834 F.2d 1382, 1388-90 (8th Cir.1987); United States v. McHugh, 769 F.2d 860, 868 (1st Cir.1985); United States v. Woods, 568 F.2d 509, 512 (6th Cir.), cert. denied, 435 U.S. 972 (1978).
 
 
 10
 In addition, the district court clearly advised Yakovlevich that a term of special parole could be included in his sentence. He was advised of the consequences of his plea in a manner that complied with all of the requirements of Fed.R.Crim.P. 11 (1989). Compare United States v. Walsh, 733 F.2d 31 (6th Cir.1984) with United States v. Crook, 607 F.2d 670 (5th Cir.1979). Yakovlevich stated that he understood that his sentence could include a term of special parole. Therefore, the district court was not clearly erroneous in finding that Yakovlevich's plea had been knowing and voluntary. See North Carolina v. Alford, 400 U.S. 25, 31 (1970).
 
 
 11
 Finally, the record shows that Yakovlevich pled guilty pursuant to a plea agreement that clearly included the possibility of special parole. The court's advice to Yakovlevich regarding special parole would only be consistent with his plea to possession of less than a kilogram of cocaine. Yakovlevich never made any objection to that advice. His sentence will not be reduced or vacated because he now argues that he was in fact guilty of a more serious offense. Cf. Ykema v. United States, 887 F.2d 697, 699 (6th Cir.1989); Baker v. United States, 781 F.2d 85, 90 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 12
 For these reasons, the order of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit. Yakovlevich's request to proceed in forma pauperis is denied because it is not supported by an affidavit of indigency as required by 28 U.S.C. Sec. 1915 (1989).